## RAILWAY COMPANY v. HOWARD.

### (*Jackson.*　April 16, 1891.)

1. RAILROADS. *Liability for neglect of statutory precautions.*

Railway train, approaching station, struck and killed H., driving wagon across the track at a road-crossing within the corporate limits of the town of Paris. The proof showed that all statutory precautions were observed, and every possible means employed by the company to prevent the accident, with a single exception, viz.: It did not appear that bell or whistle was sounded at short intervals continuously throughout the last mile before reaching the depot. There was proof tending to show that H. might have been warned of his danger and the accident averted if bell or whistle had been sounded as required by law.

*Held:* The railway company is liable in damages for the killing of H., and that H.'s contributory negligence cannot defeat this liability, but should be considered by jury in mitigation of damages.

Code construed: §§ 1298–1300 (M. & V.); §§ 1166–1168 (T. & S.).

Cases cited and approved: Railroad *v.* Gardner, 1 Lea, 691; Railroad *v.* Scales, 2 Lea, 688.

2. SAME. *Same. Contributory negligence, what is.*

In failing to look or listen for approaching trains before driving upon railway track, H. was guilty of gross contributory negligence.

3. SAME. *Same. Unnecessary charge as to common law negligence.*

It was unnecessary for the Court to charge as to common law negligence in this case, there being no facts proved to which such charge could be applicable. But reversal will not be had upon this ground unless the Court could see that the jury were misled thereby and an erroneous result reached.

4. SAME. *Same. Same.*

And there is no proof of negligence to make said charge proper in the fact that the railway company did not immediately take steps to stop

Railway Company v. Howard.

its train upon observing the approach of the wagon and team toward its track. Unless the approach of the wagon and team was attended with such unusual circumstances as indicated some danger of collision, the railway company was not required to take any steps to stop its train until the wagon or team appeared as an obstruction upon its track, and within striking distance of its train.

5. SAME. *Evidence of damages.*

Though competent to prove, in cases for personal injuries causing death, the ability and capacity of deceased for labor as well as his skill in any particular art or profession, in order to show what he was capable of earning, still it is incompetent to prove, as bearing on the measure of damages, the value of the crops produced by deceased, as a farmer, for one or more years prior to his death.

---

FROM HENRY.

---

Appeal in error from Circuit Court of Henry County. W. H. SWIGGART, J.

SWEENEY & WARD and McCORRY & BOND for Railway Company.

J. N. THOMASON & SON and FITZGERALD WILLIAMS for Howard.

LEA, J. This suit was brought by Eliza Howard, widow of John Howard, for damages for the killing of her husband by the railroad company within the corporate limits of the town of Paris. The

10—6 P

deceased had come to town, and was returning home with his wagon, to which there were two mules hitched. Howard was approaching the track from the south, the railroad running east and west; the train was approaching from the east. The road-crossing was near the west end of a cut of one hundred yards in length. While crossing the railroad the wagon of Howard was struck by the engine, and he was immediately killed. In approaching the railroad by the dirt road he came down a hill until within fifteen or twenty yards of the track, where the road was level to and across the track. There was an embankment to the right of the dirt road coming down the hill that prevented a view of the approaching train, except that the smoke-stack of the engine could be seen by a man in a wagon a portion of the way. After the level ground was reached, a train could be seen for some distance to the east. The deceased was following a wagon just in front of his, and the driver of the front wagon crossed over and motioned his hand back to the deceased to stop, but he immediately followed; did not stop, look, or listen, and was struck by the engine and killed. The engineer blew the whistle just before the train • approached the corporation line, and the bell was rung from that point to the crossing. When the deceased was about to go upon the track the steam was shut off, the brakes applied, and the engineer reversed, or commenced to reverse, the engine, and did every thing possible to

prevent the accident. The engineer had blown the whistle one mile from the corporate limits, but there was no proof that afterward it had been blown or the bell rung until the train reached the whistling-post at the corporation line. Upon these facts and evidence of damages the jury, under the charge of the Court, returned a verdict against the plaintiff in error for $2,000, and the company appealed and have assigned errors. The first question presented is as to the liability of the railroad. The proof does not show that it has complied with all the provisions of the law which has been enacted to prevent accidents on railroads.

The statute provides: " On approaching a city or town, the bell or whistle shall be sounded when the train is at a distance of one mile, and at short intervals until it reaches its depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals until it has left the corporate limits.

"Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road the alarm-whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent the accident.

"Every railroad company that fails to observe these precautions, or cause them to be observed by its agents and servants, shall be responsible for all damages to persons or property occasioned by

or resulting from any accident or collision that may occur. No railroad company that observes or causes to be observed these precautions shall be responsible for any damage done to persons or property on its road. The proof that it has observed said precautions shall be upon the company."

It is insisted by the company that if the whistle was blown, and every precaution taken to stop the train when the obstruction appeared upon the track, that the company would not be liable for a failure to sound the whistle or ring the bell within one mile of the corporation line, and at short intervals until it reached the depot or station. We cannot assent to this proposition. This Court has held that all these requirements look to the safety of persons and animals. 1 Lea, 691. The requirements are all the same statute, and we cannot give effect to one and make another inoperative.

In *Railroad Company* v. *Scales*, 2 Lea, 688, it is said that, considering the character of machinery necessary for carrying on the operations of railroads, and its capacity and liability to work hurt and injury to persons and property, the statute is a proper one and should be rigidly enforced.

One of the witnesses in this case says that he heard the whistle at the mile-post, and if, at short intervals, it had continued to sound or the bell to ring it may have been that it would have arrested the attention of the deceased, and thus have pre-

vented the accident. It follows, therefore, that under the proof the company, having failed to prove a compliance with all the requirements of the statute, is liable for damages for statutory negligence.

The Court charged the jury at length upon common law negligence on the part of the company, and submitted to them whether the negligence of the deceased or the company was the proximate, primary, or immediate cause of the accident. The charge upon this subject was proper if it had been applicable to the facts of this case; but here its only tendency was to confuse the jury, and should not have been given. There is not a fact developed in the proof that makes that part of the charge applicable. If the mules were running away, or could not be controlled by deceased, and had been running in the direction of the track, then the railroad would have been guilty of negligence at common law, unless it took steps to stop the train; but a railroad company is not guilty of negligence if it fails to take steps to stop its train whenever a wagon is seen approaching its track. If so, it would derange all connections and impede travel. It is only when an obstruction appears on its track, or within striking distance of its track, that the statute imposes the requirement of stopping the train by putting on the brakes, reversing the engine, etc.

Abstract propositions of law not applicable to the facts developed by the proof should not be

given in charge to the jury. Unless we could see that the jury were misled, we might not reverse for such an error; but it is the better practice only to charge the law as applicable to the facts developed by the proof.

The charge of the Court upon negligence in not complying with the requirements of the statutes was correct. The railroad company being, as we have shown, guilty of statutory negligence, was liable, and the defendant in error was entitled to recover damages; but the amount of damages should be lessened by the negligence of the deceased. In not looking or listening for the train before going upon the track, the deceased was guilty of gross negligence, and such conduct should mitigate the damages to be recovered by the defendant in error.

It is assigned as error that the Court admitted proof of the value of crops made by deceased some years before he was killed in estimating damages sustained by defendant in error. The witness Adkins testified that he had known deceased for some years, and that he was a farmer; and after proving his character and habits, he was asked by the defendant in error: "During the time you were acquainted with him and his farming operations, what would be the minimum value per annum of his crops?" The witness answered: "I suppose about $250." This question and answer was admitted over the objection of the attorney of plaintiff in error. This was error for which a

Railway Company *v.* Howard.

new trial must be granted. It was competent to show the ability and capacity for labor of the deceased, as well as his skill in any particular art or profession, in order to show what he was capable of earning, but not to show what was the minimum value of his crop for the past year or years. This was mere speculation. The next year or succeeding years the crop might not be so abundant by reason of unfavorable seasons and other causes, and the price of his farming products might not be so remunerative, and it would open the door to proof of what was the net value of his farm after defraying expenses. This witness proves that others besides the deceased were engaged in making these very crops which the witness says were worth $250 per annum. It was improper to admit this proof for any purpose.

The case will be reversed, and the defendant in error will pay the cost of this Court.