CHESAPEAKE & NASHVILLE RAILWAY *v.* J. W.
CREWS *et al.*

*(Nashville.   December Term, 1906.)*

1. **CHARGE OF COURT.** As to railroad's whistling and ringing
   bell near and within city that is not confusing or conflicting.

   Where, in an action against a railroad company for injury to a
   traction engine by collision with the railroad engine, at a cross-
   ing, within the corporate limits of a city and about a quarter of a
   mile from the depot, the court's charge that the whistle must be
   sounded or the bell rung one mile from the corporate limits and
   at short intervals thereafter until the train reached the depot,
   and, again, in a subsequent part, that it was the duty of the com-
   pany to sound the whistle or ring the bell until the train reached
   the place of the accident, was not confusing, as containing state-
   ments in conflict with each other.   (*Post, pp.* 57-59.)

   Code cited and construed:   Sec. 1574, subsec. 3 (S.); sec. 1298,
   subsec. 3 (M. & V.); sec. 1166, subsec. 4 (T. & S. and 1858).

2. **SAME.** Same. *Erroneous as confusing or as requiring plain-*
   *tiff's contributory negligence to exonerate a railroad after its*
   *full compliance with the statutory precautions.*

   The court's charge, in an action against a railroad company
   for injuries to a traction engine by a collision with the railroad
   engine, at a crossing, that if the company complied with the
   statute by sounding the whistle or ringing the bell at a mile
   from the corporate limits of the city in which the accident
   occurred, and by continuing to blow the whistle or ring the
   bell at intervals until it reached its station, and by keeping some
   one on the lookout ahead, who, seeing the traction engine ap-
   proaching the railroad track, put on the brakes, blew the whistle
   and reversed the engine and did everything that could be done
   to stop the train, the plaintiff, if guilty of contributory negli-
   gence, directly or proximately causing or contributing to the

Railroad v. Crews.

injury, cannot recover, was erroneous, if construed to authorize the jury to inquire, after finding that the company had done everything required of it by the statute, whether the plaintiff was guilty of negligence, and find that he was so guilty before the company could be exonerated from liability; and if this be not the true construction, then the passage is without meaning, and was of a nature calculated to confuse the jury. (*Post, pp.* 59, 60.)

3. **PLEADINGS.** First count in declaration alleging railroad's failure to comply with statutory precautions and second count omitting such allegations may both be under the statute.

In an action against a railroad company for an injury to a traction engine by collision with the railroad engine, at a crossing, the two counts in the declaration both alleged that the injury was inflicted on the traction engine while upon the railroad track. The first count specifically alleged that the statutory precautions contained in subsection 4 of section 1574 of Shannon's Code were not complied with. The second count was the same in substance, merely omitting the allegations of non-compliance with such statutory precautions. Held: Both counts stated a cause of action under the statute, making it incumbent on the railroad company to show a compliance therewith just as fully as if a failure to comply had been alleged in both counts. Alleging or failing to allege such statutory precautions, is not sufficient to distinguish the nature of the two counts, and to indicate that the one is under the statute and the other under the common law. (*Post, pp.* 60-62.)

Code cited and construed:   Sec. 1574, subsec. 4 (S.);  sec. 1298, subsec. 4 (M. & V.) ; sec. 1166, subsec. 5 (T. & S. and 1858).

Cases cited and approved:   Railroad v. Pratt, 85 Tenn., 9;  Patton v. Railroad, 89 Tenn., 370;  Railroad v. Howard,  90 Tenn. 144; Rapid Transit Company v. Walton, 105 Tenn., 415, 427, et seq.; Railroad v. Satterwhite, 112 Tenn., 185.

4. **CHARGE OF COURT.** Erroneous as to distinct common law liability in an action based upon defendant railroad's statutory liability, when.

In an action against a railroad company for injury to a traction engine by collision with the railroad engine, at a crossing, based, as shown in the declaration, on the company's failure to comply with the statutory precautions contained in subsection 4 of section 1574 of Shannon's Code, it was error to charge anything upon the common law liability, except in so far as the statute is concurrent with the common law, for such charge on the distinct common law liability in such case inevitably tends to confuse the jury. (*Post, pp.* 60-64.)

Code cited and construed: Sec. 1574, subsec. 4 (S.); sec. 1298, subsec. 4 (M. & V.); sec. 1166, subsec. 5 (T. & S. and 1858).

Cases cited and approved: Railroad v. Howard, 90 Tenn., 144, 147, 149, et seq.; Rapid Transit Co. v. Walton, 105 Tenn., 415, 427.

5. **SAME.** Must be applicable to pleadings, and if not justified by pleadings, it is erroneous.

In an action against a railroad company for injury to a traction engine by collision with the railroad engine, at a crossing, based, as shown in the declaration, on the company's failure to comply with the statutory precautions contained in subsection 4 of section 1574 of Shannon's Code, an instruction defining the duty of the company on seeing the traction engine approaching the railroad track under such circumstances as to indicate that the driver thereof had not seen or heard the approach of the train, and that he would probably go forward and enter upon the track just as if the train were not coming, was erroneous, because not justified by the pleadings. (*Post, pp.* 64, 65.)

Code cited and construed: Sec. 1574, subsec. 4 (S.); sec. 1298, subsec. 4 (M. & V.); sec. 1166, subsec. 5 (T. & S. and 1858).

Cases cited and approved: Railroad v. Anthony, 1 Lea, 516; Railroad v. Reidmond, 11 Lea, 205-210; Patton v. Railroad, 89 Tenn., 370; Railroad v. Howard, 90 Tenn., 147, 149, et seq.

Railroad v. Crews.

**6. PLEADINGS.** Manner of joining counts in the declaration.

Counts in the declaration may be made as numerous as a full presentation of the plaintiff's case may require, at the same time avoiding both duplicity and prolixity, and securing brevity, clearness, and force, by simply, in subsequent counts, referring to and adopting, without repeating in terms, such parts of the previous count or counts as the pleader may desire to carry forward into some subsequent count or counts, and writing down therein only the new matter which distinguishes the new or additional count. In this manner counts under the common law and under the statute may be neatly and quickly joined in the same declaration in cases where both are applicable and proper. (*Post, pp.* 65, 66.)

Code cited and construed: Secs. 4603, 4604, 4617 (S.); secs. 3594, 3595, 3606 (M. & V.); secs. 2882, 2883, 2896 (T. & S. and 1858).

Case cited and approved: State v. Lea, 1 Cold., 175, 176, 179.

**7. SAME.** Count under statute declaratory of common law, and going further under the common law treated as wholly under the common law.

The statute contained in subsection 4 of section 1574 of Shannon's Code and the common law are concurrent, and a count framed under the statute may go further and also include averments of additional common law negligence, and the count should then be treated as one wholly under the common law. (*Post, p.* 66.)

Code cited and construed: Sec. 1574, subsec. 4 (S.); sec. 1298, subsec. 4 (M. & V.); sec. 1166, subsec. 5 (T. & S. and 1858).

**8. SAME.** Evidence of common law negligence is inadmissible under a count based on a statute not concurrent with the common law.

The provisions in the statute contained in subsections 2 and 3 of section 1574 of Shannon's Code, prescribing certain precautions to be observed by railroads, are not concurrent with, or declaratory of, the common law obligation of railroads, but are

Railroad v. Crews.

wholly statutory; and, therefore, while under a count declaring under the statute, testimony of the noncompliance with the precautions is admissible, but under a count charging common law negligence, such evidence is inadmissible. (*Post, pp.* 66, 67.)

Code cited and construed: Sec. 1574, subsecs. 2 and 3 (S.); sec. 1298, subsecs. 2 and 3 (M. & V.); sec. 1166, subsecs. 3 and 4 (T. & S. and 1858).

9. **RAILROADS.** Liability for injury to traction engine is not escaped because it was run without watchman ahead, unless this contributed to the injury.

The running of a traction engine on the public highway is not unlawful, and a person running the same, without keeping a watchman at least two hundred (200) yards in advance, as required by statute, is not thereby barred from a recovery for an injury to his engine caused by a collision with a railroad train, at a crossing, unless his failure to have a watchman contributed to the accident. The purpose of the statute in requiring such watchman is for the protection of the public traveling upon the highway. (*Post, pp.* 67-70.)

Code cited and construed: Secs. 1609-1616 (S.); secs. 1318-1321 (M. & V.).

10. **CHARGE OF COURT.** Refusal of special request upon the controverted fact as to the sudden appearance on railroad track is erroneous, when.

Where, in an action against a railroad company for injuries to a traction engine caused by a collision with the railroad engine, at a crossing, and there was testimony tending to show that the traction engine appeared suddenly on the track too late for the railroad's compliance with the statutory precautions, it was error for the court to refuse to give in charge the special request of the defendant to the effect that, if the traction engine did not appear on the railroad track until the instant the train struck it, the question of the nonobservance of the statutory precautions did not arise, and, if the company was without fault in

Railroad v. Crews.

other respects, it was not liable, though there was evidence introduced by the plaintiff below tending to show that the traction engine did not suddenly appear upon the track, but was there while the train was yet some distance away. (*Post, pp.* 70-72.)

Case cited and approved: Railroad v. Seaborn, 85 Tenn., 391, 397.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner County.—B. D. BELL, Judge.

SEAY & SEAY, for Railroad.

W. A. GUILD, for Crews.

MR. JUSTICE NEIL delivered the opinion of the Court.

This action was brought in the circuit court of Sumner county to recover damages for an injury done to a traction engine belonging to the defendant in error, by reason of said traction engine having been struck and hurled from the track by an engine of the railway company. There were verdict and judgment in the court below for $500, from which the plaintiff in error, after its motion for a new trial had been overruled, appealed to this court, and has here assigned errors.

The criticism made upon the charge of the court in the first assignment of error is that the circuit judge, when instructing the jury upon the statutory precautions required by subsection 3 of section 1574 of Shannon's Code, charged them that the whistle must be sounded or the bell rung one mile from the corporate limits, and that the bell must be rung or the whistle sounded at short intervals thereafter until the train reached the depot, when it was about to enter, or was entering, an incorporated town, and again told them, in a subsequent part of his charge, that it was the duty of the company, in the present instance, to sound the whistle or ring the bell at short intervals until the train reached the place of the accident. It is said that these two statements were in conflict, and must have confused the jury.

Upon reading the whole charge, we do not think the criticism a sound one. The accident happened within the corporate limits of the city of Gallatin, and the circuit judge, in what he said concerning the blowing of the whistle and the ringing of the bell from a point a mile distant from the corporate limits to the depot, was speaking in the terms of the statute; but he brought his instructions within the facts of the case by confining the obligations at last to the ringing of the bell or the blowing of the whistle down to the point of the accident — the latter having happened about a quarter of a mile from the depot. At the place of the accident, of course, the transaction ended, and no further controversy could arise, between the railway company and the party in-

jured, as to its failure to comply with the statute refer-
red to.   We do not think the jury could have been mis-
led by the apparent conflict.   There was no real conflict.

The second assignment is based upon the following
instruction, which his honor gave to the jury:

"But, if you do find that the railroad company did
comply with the statute, and did blow the whistle or ring
the bell, one or both, or either, at a mile out, or substan-
tially a mile (it need not be at the very point, but sub-
stantially a mile), and continued to blow the whistle or
ring the bell at intervals until it reached the station,
and if you find that it had some one on the lookout ahead,
and that that one saw the approaching engine, and put
on the brakes and blew the whistle and reversed the en-
gine, and did everything that it could to stop the en-
gine, the plaintiff, if he was guilty of negligence, could
not recover under the second count, if he was guilty of
negligence which directly or proximately caused or con-
tributed to his own injury."

It is insisted that this instruction was necessarily con-
fusing to the jury; and, further, that, if the passage has
any real meaning, the circuit judge thereby instructed
the jury, that, after having found that the railway com-
pany had done everything required of it by the statute,
they must still go further and inquire whether the plain-
tiff was guilty of negligence, and find that he was so
guilty before they could exonerate the company.   Such
instruction, if this be the true meaning of the passage,
would, of course, be erroneous; and, if this be not the

true construction, then the passage is without meaning, and was of a nature calculated to confuse the jury. We think this assignment should, therefore, be sustained.

The point in the third assignment is that the circuit judge charged both upon the statutory·liability and the common-law liability of the railway company, and thereby confused the jury.

His honor seems to have been under the impression, as we infer from the charge, that the first count was under the statute and the second count under the common law. Both counts charge an injury inflicted upon the property of the defendant in error while upon the track of the company, as a result of that property being struck and hurled from the track by the company's engine, and practically destroyed. The first count specifically alleges that the statutory precautions were not complied with. The second count is the same, in substance, merely omitting the allegations of noncompliance with the precautions referred to. Alleging, or failing to allege, compliance with the statutory precautions, is not sufficient to distinguish the nature of the two counts, and to indicate that the one is under the statute and the other under the common law — at least, so far as concerns the precautions mentioned in subsection 4 of section 1574 of Shannon's Code, which concerns the keeping of some one upon the lookout, and blowing the whistle and putting down the brakes, etc., when an obstruction appears upon the track. If the allegation be that the property was struck upon the track by the negligence of

the company, that is an allegation of the violation of the statutory precautions last referred to, though such violation is not alleged; or, stated differently, it is a count under the statute, and it is incumbent upon the railroad company to show a compliance with those precautions just as fully as if a failure to comply had been alleged. *E. T., Va. & Ga. Ry. Co.* v. *Pratt*, 85 Tenn., 9, 1 S. W., 618.

· Both counts in the declaration before the court were . under the statute, and it was error to charge anything upon the common-law liability, except in so far as the statute is concurrent with the common law. A count which is good under the statute may be good under the common law also; but one good under the latter may be wholly inapplicable under the former. To illustrate: A count alleging a negligent injury to an object (person or property) upon the track of a railway company, by a collision of the train with that object, would, on issue taken, impose upon the railroad company, in order to exculpate itself, the duty of showing compliance with the statutory precautions, and any evidence applicable to that subject, including the sufficiency of machinery and appliances, might be introduced by either side; but, under such a count, no evidence would be proper concerning excessive speed, the running of animals toward the track, or the approach of persons toward the track, in such way as to indicate that the danger of collision would soon be imminent, unless a warning be given or something else done to prevent such collision.

Other illustrations might be given, but we need do no more than refer to the case of *Railroad* v. *Satterwhite*, 112 Tenn., 185, 79 S. W., 106, wherein the distinctions are clearly marked. There the first count was under the statute, the second under the common law, the fourth under the statute, and the fifth under the common law.

We have several cases in which it has been announced that the statutory precautions are but a repetition of the common-law duties of the railway company, with the addition of a change in the burden of proof. *Railway Co.* v. *Pratt*, supra, and the cases cited therein; also *Patton* v. *Railroad Co.*, 89 Tenn., 370, 15 S. W., 919, 12 L. R. A., 184, and cases cited; *Railway Co.* v. *Howard*, 90 Tenn., 144, 19 S. W., 16; and *Chattanooga Rapid Transit Co.* v. *Walton*, 105 Tenn., 415, 427, et seq., 58 S. W., 737. But it is not to be understood from these authorities that the judge is on the same count to charge the statute and also the common law, except in so far as in charging the statute, he thereby charges the common law, to the extent that they are concurrent; but concerning this philosophical parallel there is no need that the jury should be instructed. If the circuit judge does charge both the common law and the statute, in instructing the jury on the same count, confusion in their minds will inevitably ensue, if for no other reason than because, under the statute, the rule as to contributory negligence is different from that obtaining under the common law. Besides this, the statute lays down cer-

Railroad v. Crews.

tain specific things which must be done, and provides
that, if they are done by the railway company, it is ex-
onerated.  Of course, this must be understood with the
qualification that, if it appears that anything else
could have been done, the railway company must show
that it was done.  However, a distinct, lucid charge,
under the statute, will always leave the minds of the
jury clear, and will enable them to apply the law to the
facts of the case.  If the circuit judge goes further, and
upon the same count, undertakes to instruct the jury as
to the common-law duties of the parties, he necessarily
by so doing, gives the jury to understand that there is a
difference between the rules applicable under the statute
and under the common law, and thereby inevitably con-
fuses their deliberations.  This precise point was ruled
in the case of *Railway Co.* v. *Howard,* 90 Tenn., 147,
149, et seq., 19 S. W., 116.  The question is also placed
in a clear light by the observations of Wilkes, J., in
the case of *Chattanooga Rapid Transit Co.* v. *Walton,*
105 Tenn., 415, 427, 58 S. W., 737.  Upon this subject
he says:

"It is said that it was error in the court to give any
charge upon the negligence of common-law duties, be-
cause there was no evidence in the case to call for it;
and the case of *Railroad Co.* v. *Howard,* 90 Tenn., 144,
19 S. W., 116, is cited as in point.  The *Howard Case*
holds in substance, that, when the ground of liability
is clearly made out upon the ground of statutory negli-
gence, then it is improper and confusing to the jury to

give any charge upon the subject of common-law negligence.

"In that case there was an absence of common-law negligence, so that the charge was uncalled for. But there may be statutory and common-law negligence at the same time and in the same instance, and the third count of this declaration alleges common-law negligence; so that evidence upon that feature was admissible. A charge upon this feature was proper, as there was evidence tending to show that there were obstructions to the view along the line of the road to within a short distance of this crossing, and that the train was being driven at a high rate of speed."

In the case now before the court, as we have already said, there was no count setting forth facts showing common-law negligence, distinct from the field of negligence covered by the concurrence of the statute and the common law above noted.

The second branch of his honor's charge, it is true, was devoted to the common-law aspect of the case; that is, as to the duty of the company on seeing the traction engine approach the track under such circumstances as to indicate that the driver of it had not seen or heard the approach of the train, and that he would probably go forward and enter upon the track just as if the train were not coming. His honor rightly apprehended the scope of the common law and its applicability to this phase of the evidence; but there was no count in the declaration that justified a charge upon this subject.

It is true, we have an early case (*Nashville & Chatta-nooga Ry. Co.* v. *Anthony,* 1 Lea, 516) that, when not rightly understood, seems to introduce some confusion into the subject; but, as explained in the later case of *Railroad* v. *Reidmond,* 11 Lea, 205-210, the obscurity, if any, is removed, and the rule stated in accordance with what is now understood to be sound principles. See *Patton* v. *Railway Co.,* supra; *Railway Co.* v. *How-ard,* supra.

Before passing from the subject, it may not be amiss to add that the Code, while releasing litigants from the special form of declaration applicable to the old forms of action, and substituting therefor a simple statement of the cause of action (Shannon's Code, section 4617), still preserves the practice of using differ-ent counts for embodying different statements of the cause of action (Ib.), and reprobates duplicity and prolixity (Id., section 4603), and imposes upon the courts the duty of seeing to it that the rules of pleading are substantially adhered to (Id., section 4604). And it is not too far aside from the question to recall that the counts in the declaration may be made as numerous as a full presentation of the plaintiff's case may require, at the same time, avoiding both duplicity and prolixity, and securing brevity, clearness, and force, by simply, in subsequent counts, referring to and adopting, without repeating in terms, such parts of the previous count or counts as the pleader may desire to carry forward into

Railroad v. Crews.

some subsequent count or counts, and writing down therein only the new matter which distinguishes the new or additional count. The practice is fully outlined in *State* v. *Lea,* 1 Cold., 175, 176, 179. By pursuing this practice in cases of the kind now before the court, counts under the common law and under the statute may be neatly and quickly joined in the same declaration. We should add, however, that from the principle that the statute and the common law are concurrent, in so far as the statute provides that "every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always on the lookout ahead, and when any animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident," it follows that a count framed under the provisions quoted may go further, and also include averments of additional common-law negligence; and the count should then be treated as one wholly under the common law. But it should be noted that there are certain provisions of the statute which are not concurrent with the common law, but wholly statutory, viz., those embraced in subsections 2 and 3 of section 1574 of Shannon's Code; and testimony falling within these provisions, under a count declaring, either specifically or generally under the statute, would be proper matters of evidence, but not under a common law count. So, on the whole, it is better and safer to frame counts distinctly

under the statute and distinctly under the common law, to the end that all confusion may be avoided.

On the grounds above stated, the third assignment is sustained.

The fourth assignment is directed against the charge of the court with reference to the provisions of sections 1609 to 1616, inclusive, of Shannon's Code, concerning the propulsion of steam wagons on public highways and macadamized roads. Section 1613 provides:

"It shall be the duty of any person or persons operating a traction engine on the public highway for the purpose of drawing threshing or other machines to keep a watchman at least two hundred yards in advance of said engine, for the purpose of notifying any person travelling on the public highway of the approach of said engine."

The next section reads:

"It shall be the duty of said person or persons running said engine to stop the same, and stop all unnecessary noise, on the approach of any wagon, buggy, or horseman, until the same shall have passed."

It appeared in the evidence that the defendant in error was not preceded by the watchman as stated in the statute. Upon this subject the circuit judge charged the jury:

"If you find from the proof that he had complied with the statute, and had had a person on the lookout two hundred yards in front of him, and by doing that, the injury would not have occurred, then the plaintiff would

not be entitled to recover; but the court does not think that the mere failure to have some one on the lookout ahead, unless the jury is of the opinion that, had he had him there, the injury would not have resulted, that plaintiff would have no right to recover. So, if you find that the plaintiff failed to have a lookout two hundred yards ahead of his engine, and that failure did not cause or result in his injury, and having him there would not have made it different from what it was, and plaintiff was otherwise entitled to recover, he would be entitled to recover, although he did not have him there."

The fifth assignment is based upon the refusal of the circuit judge to give in charge to the jury a request upon the same subject. This request was offered by counsel for the plaintiff in error in the following language:

"I further charge you, gentlemen, that, by the provisions of the statute of the State of Tennessee, it is unlawful to operate a traction engine upon the public road or street, unless there is sent ahead of same a man or person a distance of two hundred yards; and if you find from the proof that the plaintiff, Crews, at the time of the alleged collision, had not complied with this statute, and did not have some person ahead of said engine the distance of two hundred yards, he would have been engaged in an unlawful act, and if he was injured, or his property, being so unlawfully used, was injured, he could not recover; and if you find these to be the facts, you should return a verdict for the defendant."

We think that the charge of his honor upon the sub-

ject was correct, and that he properly refused the request. Although the defendant were using a steam wagon or traction engine without having a watchman two hundred yards ahead, yet that would not bar him of a recovery for an injury inflicted by the railway company, unless the failure to have some person ahead contributed in some way to the producing of the accident. It is manifest from the section of Shannon's Code last quoted that the purpose of having some one two hundred yards ahead of such traction engine, and the like, was to warn and protect persons and vehicles, or persons riding horseback, on the pikes or roads of the country, to guard against the frightening of horses. Moreover, in the present instance, if the person had been two hundred yards ahead of the traction engine, it is difficult to see how he could have been of any service in the prevention of the accident, because he would have been nearly two hundred yards away from the railway line, and at the other side of it from the traction engine.

One criticism made under this assignment is that the jury were directed to act upon their opinion of the matter, without regard to the evidence, or aside from the evidence; but this is not an accurate view. His honor distinctly refers the jury to the evidence throughout his instructions upon this subject.

As to the point that the defendant in error was running his traction engine in violation of the law, because he did not have a watchman two hundred yards ahead, and that he therefore could not recover for an injury

inflicted upon his engine, as it attempted to cross the railroad track, we shall make only the following observations:

Although the defendant omitted a precaution prescribed by law, yet it cannot be said that he was violating the law in running upon the public road. He had a right to go upon the road, but was required by law, for the safety of persons traveling thereon, to adopt a certain precaution, and he was liable, under the statute, for all damages that might arise by reason of such failure; but it would be pressing the doctrine much too far to say that other persons would have the right to run into and break up his machine, because he was so running, and that he would then be without remedy. It is true that, if the injury to his machine could be held traceable to his negligence of duty, he could not recover; but, in the absence of such evidence, the negligence referred to would be purely collateral to the occurrence complained of in this litigation.

The fourth and fifth assignments are therefore overruled.

The sixth assignment is based upon the refusal of the circuit judge to give in charge to the jury the following requests offered by counsel for the railway company:

"I further charge you, gentlemen, that, if you find from the proof that the traction engine did not appear upon the track or within striking distance of the train until the very instant that the train struck the traction engine, then I charge you that no question can arise in

so far as the observance or nonobservance of the statutory precautions with respect to blowing the whistle, putting on brakes, reversing the engine, etc., are concerned; and if you find that the defendant was without fault in other respects, as to which I have heretofore charged you, then defendant would not be liable, and you should so find."

The plaintiff in error was entitled to a charge on the hypothesis that the statutory precautions referred to did not apply, inasmuch as the testimony of the engineer, Church, and the fireman, Sudderth, tended to show that the traction engine appeared suddenly upon the track, too late to permit a compliance with those precautions. Indeed, Mr. Church says: "He was just coming upon the track at the time we struck him." Mr. Sudderth says that the traction engine "hit the side of the pilot." The case, as put by the testimony of the engineer and fireman is very much like the case of *N., C. & St. L. Ry. Co.* v. *Seaborn,* 85 Tenn., 391, 4 S. W., 661, and, as said in that case, on the evidence as put by the engineer and fireman just referred to: "If any negligence existed, it was not the nonobservance of these statutory duties, but the nonobservance of the common-law obligations of the company, to have the 'lookout' watch for and all hands prevent the occurrence of any accident about to happen from some other cause than an object already on the track." *Id.,* 85 Tenn., 397, 4 S. W., 663. Of course, it was proper for the circuit judge to charge upon the statutory precautions, because there was evi-

dence introduced by the plaintiff below tending to show that the traction engine did not suddenly appear upon the track, but was there while the train was yet some distance away. Still the defendant below was entitled to a charge upon the evidence offered by it, tending to show the opposite state of facts; that is, that there was a sudden appearance.

The sixth assignment is therefore sustained.

The seventh assignment has been substantially disposed of in the disposition made of the foregoing assignments. The eighth assignment is upon the facts, and the ninth upon the amount of the verdict, and these need not be considered upon the present hearing, as the case will have to be presented to another jury.

The result is that the judgment of the court below must be reversed, and the cause remanded for a new trial.

The defendant in error will pay the costs of the appeal.