SOUTHERN RY. CO. v. SUTTON.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1910.)

No. 2,014.

1. RAILROADS (§ 401*)—INJURIES TO PERSONS ON OR NEAR TRACKS—TENNESSEE STATUTE—PERSONS "BEYOND STRIKING DISTANCE."

Shannon's Code Tenn. §§ 1574–1576, relating to railroads, provides for the keeping of a lookout on all locomotives, and that when any "obstruction appears upon the road the alarm whistle shall be sounded, the brakes put down and every possible means employed to stop the train and prevent an accident," and, as construed by the Supreme Court of the state, imposes an absolute liability on the railroad company in case of failure to comply with its requirements whether or not the damage or injury results from such failure and without regard to the question of contributory negligence, which can be considered only as affecting the amount of damages recoverable. Also, as construed by such court, the statute applies in every case where a person appears upon the track, or so near thereto as to be within "striking distance" of the train. Plaintiff was walking on or beside the track of defendant's road, when a train approached from behind, and he was struck and injured by some part of the side of the engine. Those on the engine testified that they saw plaintiff on the track and sounded the whistle and applied the brakes, but that plaintiff then stepped off the track to one side, and the speed of the train was resumed. *Held*, that an instruction, having reference to such testimony, was correct which charged the jury that plaintiff did not pass "beyond striking distance," so as to absolve defendant from the duty of stopping the train, so long as he was still so close to the track that, having due regard for the instinct of self-preservation and the involuntary movements of the body, there was still a reasonable probability or likeli-

hood that he might fall or be thrown against the side of the engine or train as it passed him.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 401.*]

2. STATUTES (§ 241*)—RULES OF CONSTRUCTION—PENAL LAWS.

Although penal laws and statutes in derogation of the common law are to be strictly construed and not extended beyond their plain meaning, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.*]

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Action by Lincoln Sutton against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The defendant in error, who was the plaintiff below, recovered verdict and judgment against the plaintiff in error on account of injuries suffered by the plaintiff through collision with defendant's railway engine. Defendant's liability was predicated upon sections 1574 to 1576 of Shannon's Code of Tennessee. The evidence was undisputed that plaintiff, a laborer not in defendant's employ, was shortly before the accident walking on defendant's right of way on his way to work. Defendant's freight train, running at a speed of 12 to 15 miles an hour, as testified to by defendant's trainmen, was behind plaintiff and going in the same direction. It is conceded that the engineer as well as the conductor, who was in the cab with the engineer, saw the plaintiff when about 150 yards ahead of the train. The engineer and conductor testified that when they first saw the plaintiff he was walking between the rails; that as soon as he was seen the whistle was blown and the speed of the train slackened; that immediately upon the giving of this signal, the plaintiff looked around at the train, and while the engine was still about 50 yards from him stepped to the left, beyond the cross-ties, and beyond the reach of the train, whereupon the former speed of the train was resumed; that plaintiff remained standing and facing toward the train until the engine was within 40 or 50 feet from the plaintiff, at which time the view of the occupants of the cab was obstructed by the front of the engine. The plaintiff testified that he was not walking between the rails, but on the ends of the cross-ties at the left of the rails; that no whistle was blown or alarm given; and that he was ignorant of the approach of the train until he was struck, while still walking on the ends of the cross-ties. That plaintiff was struck by the engine is undisputed. The testimony indicated, however, that he was struck not by the pilot beam (which is the widest part of the engine except the cylinders, which project about two inches beyond the pilot beam), nor by the cylinders, but that he was first struck by the second driving wheel. The trial judge expressed to the jury his opinion that the plaintiff "was not on the cross-ties and had passed from off the cross-ties before he was struck," submitting, however, the question of fact. The judge charged the jury that as the plaintiff had appeared "as an obstruction on the track, and as the railroad undoubtedly did not do everything that could be done to stop the train, it is liable in this case for some measure of damages, unless the plaintiff had moved from the track, after appearing as an obstruction, into such a position that the railroad employés were no longer required to observe the statutory precautions." After stating the theories of the respective parties as to the cause of the collision, the court said:

"Now, I charge you, as a matter of law, that if he passed beyond the cross-ties, the question of liability in the case, if he stepped from the side of the track at all, would depend upon the distance that he stepped to one side of the track, under all of the circumstances of the case. If the employés running a railroad train see a person ahead on the track as an obstruction, and

---

sound the alarm, and he seeing it, or for any other reason, on learning that the train is approaching, steps from the track, completely out of striking distance, and into a position of safety, and then afterwards from some other reason falls against the train, the railway company would not be liable. In other words, the railway company has to take every precaution under the statute to avoid the accident; but, if a person has stepped from the track beyond striking distance and in a place where there is no danger, then of course the railway company does not have to stop its train. It may go on and carry its passengers or discharge the mission on which it is engaged."

No part of the charge thus far given was excepted to. Immediately following the instruction last quoted, the court gave the following instruction, which is the only part of the charge excepted to, viz.:

"But I charge you, gentlemen, that passing outside of striking distance, within the rule that I have laid down, so as to excuse the railway company from further observance of the statutory precautions, does not simply mean passing to merely an inch beyond where a person could be struck, if he was standing still; it does not mean simply passing beyond where he could be barely struck by the front of the train if he was standing absolutely still. In other words, a person does not pass out of striking distance, so as to excuse the railway from observing the statutory precautions, while he is still so close to the track that, having due regard for the instinct of self-preservation and the involuntary movements of the body, there is still a reasonable probability or likelihood that he may fall or be thrown against the side of the engine or train as it passes him; and, so long as he has not passed to such a distance from the track as to be safely out of striking distance, so that, all things being considered, the speed of the train, distance, etc., there is no reasonable probability of his falling, or being thrown against the side of the train as it passes him in its onward motion, he is not outside of striking distance in such sense as to justify the railway in ceasing to observe the statutory precautions.

"Of course, as I have said, if he had passed to such a distance from the track that there was no reasonable probability or likelihood that he might not, in the exercise of the instinct of self-preservation, have fallen or been thrown against that train as it passed him, then the railway was absolved from further duty. That is the question which you will have to consider, even if you shall find that when he was struck he was not actually on the cross-ties, namely: Had he passed outside of striking distance, as I have defined it, before the railway employés stopped using the statutory precautions?

"The burden of proof on that point is on the railway. It must show by a preponderance of the evidence, in order to justify it in the action of its employés in not going ahead in their effort to stop the train, that he had passed to such a distance from the track. If it has shown you by a preponderance of the evidence, and you believe from a preponderance of the evidence that he had passed to such a distance from the track, then I charge you that there is no liability whatever in this case, and it would be your duty to return a verdict for the defendant. If you find that he had not passed to that distance and was struck by the train as a result of that failure and by being still within that distance while the train was going ahead, and that on account of his being still within that distance he fell or was thrown against the side of the engine, there would be liability on the part of the railway company."

The correctness of the definition of "striking distance," contained in the instruction last quoted is the only question presented for review.

W. L. Welcker, for plaintiff in error.
G. W. Pickle, for defendant in error.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge (after stating the facts as above). The statute upon which the plaintiff relies requires that a lookout shall be kept upon the locomotive, and that when any "obstruction appears

upon the road the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." A railroad company failing to observe these precautions is made responsible for all damages resulting from collision. Observance of this precaution relieves from liability in the cases to which the statute is held to apply. Shannon's Code Tenn. §§ 1574, (4), 1575, 1576. It is the settled rule declared by the Supreme Court of Tennessee, and adopted by this court, that the liability created by the statute is absolute, and not dependent upon proof that the injury resulted from the failure to observe the statutory requirement; and that the liability resulting from such failure is not defeated by the contributory negligence of the person injured. Such contributory negligence may, however, be considered in the mitigation of damages. Railroad Co. v. Walker, 11 Heisk, 383; Railroad Co. v. Burke, 6 Cold. 45; Railway Co. v. Howard, 90 Tenn. 144, 150, 19 S. W. 116; Railroad Co. v. Acuff, 92 Tenn. 26, 20 S. W. 348; Byrne v. K. C., Ft. S. &'M. R. Co., 61 Fed. 605, 9 C. C. A. 666, 24 L. R. A. 693; Felton v. Newport, 105 Fed. 332, 44 C. C. A. 530; Rogers v. C., N. O. & T. P. R. Co., 136 Fed. 573, 69 C. C. A. 321. It is equally well settled that the statute applies in every case to a person appearing upon the track, or so near thereto as to be within striking distance of the train; but that it is only when the obstruction so appears, either upon the track or within striking distance of the train, that the duty of employing the statutory precaution is imposed. Louisville, N. & Gt. So. R. Co. v. Reidmond, 11 Lea (Tenn.) 205; Railway Company v. Howard, supra; N. C. & St. L. R. Co. v. Seaborn, 85 Tenn. 391, 4 S. W. 661; Railroad Co. v. Crews, 118 Tenn. 65, 99 S. W. 368; Byrne v. K. C., Ft. S. & M. R. Co., supra; Felton v. Newport, 105 Fed. 332, 44 C. C. A. 530; Louisville & N. Ry. Co. v. Truett, 111 Fed. 876, 50 C. C. A. 42; Rogers v. C., N. O. & T. P. R. Co., 136 Fed. 573, 69 C. C. A. 321; Virginia & S. W. R. Co. v. Hawk, 160 Fed. 348, 87 C. C. A. 300. That in this case a situation arose demanding the employment of the statutory precautions is clear. It is also clear that the defendant did not employ every possible means to stop the train and prevent an accident. And it follows that if, when the defendant's engineer suspended his precautions and restored the normal speed of the train, the plaintiff was still within "striking distance" of the train, the defendant is liable. The apparent improbability that the plaintiff was struck while still walking upon the crossties is not material to the present inquiry. If the jury disbelieved the plaintiff's testimony in this regard, they might still well find that he had not passed to a place of safety.

The defendant contends that the statute is penal and must be strictly construed; that under such strict construction of the statute it should be held that the plaintiff was not within striking distance, unless he was in position to be struck by the front of the engine; that if he was in such a location that, had he remained fixed and immovable, he would not have been struck, he could not have been within "striking distance." This court has recognized the penal

nature of the statute in question (Byrne v. K. C., Ft. S. & M. R. Co., supra), and the statute is in derogation of the common law. But although penal laws and statutes in derogation of the common law are to be strictly construed, and not extended beyond their plain meaning, yet the intention of the Legislature must govern in the construction of penal as well as other statutes, and they are not to be construed so strictly as to defeat the obvious intention of the Legislature. United States v. Lacher, 134 U. S. 624, 10 Sup. Ct. 625, 33 L. Ed. 1080; United States v. Dillin (C. C. A. 6th circuit), 168 Fed. 813, 817, 818, 94 C. C. A. 337; United States v. Illinois Central R. R. Co. (recently decided by this court) 177 Fed. 801.

The Supreme Court of Tennessee has more than once declared that the statute should be rigidly enforced. Railroad Co. v. Scales, 2 Lea, 688; Railway Co. v. Howard, 90 Tenn. 144, 148, 19 S. W. 116.

The question presented on this review is not, as suggested by plaintiff in error, whether the railroad company shall be held liable for not putting on the brakes and stopping the train in a case where the person passed by the train, after being once out of striking distance, shall fall or be thrown against the side of the train. The real and decisive question is whether, after a situation has arisen requiring the railroad company to observe the statutory precautions, and after it has entered upon their observance, it may properly suspend or ignore them so long as the person entitled to the protection of the statute is "still so close to the track that, having due regard for the instinct of self-preservation and the involuntary movements of the body, there is still a reasonable probability or likelihood that he may fall or be thrown against the side of the engine or train as it passes him." The question is merely one of definition; that is to say, when one shall be held to be "beyond striking distance." We find nothing in the decisions of the Supreme Court of Tennessee directly decisive of this question. It must be answered in the light of reason, having in mind the object of the statute, the mischief it aims at, and the construction generally put upon the statute by the Supreme Court of Tennessee. As said by that court in N. & C. Railroad Co. v. Carroll, Adm'r, 6 Heisk. at page 368:

"The question of what is, or what is not, an obstruction on a railroad track, is not a question on the terms used in art, nor within any of the rules laid down on this subject. It is a simple question of fact, and can only mean that which may obstruct or hinder the free and safe passage of the train, or that which may receive an injury or damage, such as would be unlawful to inflict, if run over or against by the train, as in the case of stock, or a man approaching on the track."

The decision of this court in Louisville & N. R. Co. v. Truett, 111 Fed. 876, 50 C. C. A. 42, is pertinent. In that case a horse on which plaintiff's decedent was riding, when about to cross the track, became frightened by the train and unmanageable. It was plaintiff's contention that while the horse was whirling about in his fright the decedent was thrown against one of the cars in the train. The question was, therefore, whether, although decedent "and his horse had appeared upon the track, he had yet gotten far enough away from the

running room of the train as to be passed safely by." Judge Severens, with respect to this contention, said:

"Accepting as correct the construction of the statute to be that where one who has appeared upon the track, and then gets away from it under circumstances which indicate that he is able to keep out of the way, but afterwards gets back into collision with the train, there can be no recovery, we do not think that that consequence would follow if the man appears upon the track in such circumstances as that it is seen that he may be carried by a force beyond his control out of and into the danger line, only momentarily disappearing from the track. * * * We are unable to accept the proposition which seems to be contended for in the brief for plaintiff in error that if, at the time when the engine passed, Truett was out of striking distance, that would relieve the company from the obligations imposed by the statute, but think that, as before indicated, the circumstances might be such as to justly induce the expectation that before the train could pass it might come into collision with the party who had been seen upon the track but seen to be unable to control his own movements."

In our opinion, taking into account the attracting and disturbing force of a swiftly passing train, a person "still so close to the track that, having due regard for the instinct of self-preservation and the involuntary movements of the body, there is still a reasonable probability or likelihood that he may fall or be thrown against the side of the engine or train as it passes him," is as clearly within striking distance of the train as was the decedent in the Truett Case. We find nothing in the Tennessee decisions out of harmony with this construction.

We think the trial judge rightly interpreted the statute in the definition given by him of striking distance.

The judgment of the Circuit Court is, accordingly, affirmed.