### SOUTHERN RY. CO. v. KOGER.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1915.)

No. 2527.

1. RAILROADS ⬤�longrightarrow389—INJURIES TO PERSONS ON TRACKS—STATUTORY DUTY TO SIGNAL—LIABILITY.

Under the Tennessee Railroad Precautions Act (Shannon's Code Tenn. § 1575), making railroads liable for damages to persons or property resulting "from any accident or collision that may occur," where provisions of the act regarding bell-ringing, whistle-blowing, etc., by locomotives while in cities or towns have not been observed, the liability is absolute, and proof need not be made that the accident was the proximate result of the railroad's failure to observe the statutory precautions.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1319–1323; Dec. Dig. ⬤�longrightarrow389.]

2. RAILROADS ⬤�longrightarrow387—INJURIES TO PERSONS ON TRACKS—STATUTORY DUTY TO SIGNAL—CONTRIBUTORY NEGLIGENCE.

Under the Tennessee Railroad Precautions Act (Shannon's Code Tenn. §§ 1574–1576), contributory negligence of the person injured is not a bar to recovery and may be considered only in mitigation of damages.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1296, 1314–1316; Dec. Dig. ⬤�longrightarrow387.]

3. RAILROADS ⊜═369—INJURIES TO PERSONS NEAR TRACKS—STATUTORY DUTY TO SIGNAL—POSITION OF INJURED PERSON.

Under the Tennessee Railroad Precautions Act (Shannon's Code Tenn. § 1574, subd. 3), establishing the liability of a railroad for personal injuries when it has failed to ring its locomotive's bell, etc., while approaching or passing through a town, it is not a requisite that the person injured should have been ahead of the train on the track before being struck.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1259–1262; Dec. Dig. ⊜═369.]

4. RAILROADS ⊜═401—INJURIES TO PERSONS ON OR NEAR TRACK—INSTRUCTIONS.

In an action for death of a child caused by failure of railroad to observe statutory precautions while its train was approaching a city or town, an instruction to find for the defendant if the boy lost his life while trying to "swing" the train, "unless he was of such age as not to apprehend the dangers of so doing," was sufficiently favorable to defendant, considering the absolute nature of the liability imposed for failing to comply with the act.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1382–1390; Dec. Dig. ⊜═401.]

5. RAILROADS ⊜═389—INJURIES TO PERSONS ON OR NEAR TRACKS—STATUTORY DUTY TO SIGNAL—PROXIMATE CAUSE.

A liability arises from failure to observe statutory precautions on part of railroad by ringing the locomotive bell, etc., while approaching a town, even if the jury finds that the observance of the precautions would not have prevented the accident.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1319–1323; Dec. Dig. ⊜═389.

Care required of railroads as to trespassers on or near tracks, see note to Louisville & N. R. Co. v. Womack, 97 C. C. A. 566.]

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action at law by E. B. Koger, administrator of Thurston Koger, deceased, against the Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

J. A. Susong, of Greenville, Tenn., for plaintiff in error.

W. T. Kennerly, of Knoxville, Tenn., for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. This writ of error is brought to review a judgment recovered by the administrator for the death of his infant son, caused by collision with defendant's freight train. The father's home was upon the south side of the railroad track, which was unfenced. He had a warehouse on the north side of the track, a little easterly of the house. His factory was further to the east, and on the same north side of the track. The entire premises were less than a mile east of Morristown, Tenn. Just before the accident the deceased, who was about seven years and two months old, was at the factory with his brother, who was two years older. The two boys started from the east end of the factory to run home (a distance of a few hundred feet), and between the factory and the warehouse began racing. The railroad

was in something of a cut; the embankment being about 2½ feet high and about 10 feet from the ends of the ties. When the boys reached the embankment the older one stopped. The younger boy apparently continued running, for he came into collision with one of the rear cars (probably the caboose) of defendant's freight train, going west—towards Morristown. The action was brought under the Tennessee Railroad Precautions Act (Shannon's Code, §§ 1574–1576); the important provisions of section 1574 being cited in the margin.[1]

[1, 2] By section 1575 failure to observe the statutory precautions makes the railroad liable for civil damages to persons or property resulting "from any accident or collision that may occur"; and by the following section a railroad observing such precautions is relieved from responsibility "for any damage done to persons or property on its road." The burden of proof that the precautions have been observed is upon the railroad company. The case was submitted under subdivision 3 of section 1574. There was substantial evidence that the precautions prescribed by that subdivision were not observed. It is the settled rule, declared by the Supreme Court of Tennessee and followed by this court, that the liability created by the statute is absolute, and not dependent upon proof that the injury resulted from failure to observe the statutory precautions; and that the liability resulting from such failure is not defeated by the contributory negligence of the person injured. Such contributory negligence may, however, be considered in mitigation of damages. Some of the decisions of the Supreme Court of Tennessee and of this court so construing this statute are cited in the margin.[2]

The statute has been held not to apply to injuries received in switching movements, to employés whose duty it is to yield the track, or to passengers injured by obstructions in the roadbed. Railway Co. v. Rutland (C. C. A. 6) 207 Fed. 287, 289, 125 C. C. A. 31, and cases cited; Railroad Co. v. Rush, 15 Lea (Tenn.) 145.

---

[1] "1574 (1166) 1298. * * * (2) On approaching every crossing so distinguished, the whistle or bell of the locomotive shall be sounded at the distance one-fourth of a mile from the crossing, and at short intervals until the train has passed the crossing.

"(3) On approaching a city or town, the bell or whistle shall be sounded when the train is at the distance of one mile, and at short intervals till it reaches its depot or station; and on leaving a town or city, the bell or whistle shall be sounded when the train starts, and at intervals till it has left the corporate limits.

"(4) Every railroad company shall keep the engineer, fireman, or some other person upon the locomotive, always upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident."

[2] Railroad v. Walker, 11 Heisk. (Tenn.) 383; Railroad Co. v. Burke, 6 Cold. (Tenn.) 45; Railway Co. v. Howard, 90 Tenn. 144, 150, 19 S. W. 116; Railroad Co. v. Acuff, 92 Tenn. 26, 20 S. W. 348; Byrne v. K. C., Ft. S. & M. R. Co., 61 Fed. 605, 9 C. C. A. 666, 24 L. R. A. 693; Felton v. Newport, 105 Fed. 332, 44 C. C. A. 530; Rogers v. C., N. O. & T. P. R. Co., 136 Fed. 573, 69 C. C. A. 321; L. & N. Ry. Co. v. Truett, 111 Fed. 876, 50 C. C. A. 442; Railroad Co. v. Sutton, 179 Fed. 471, 103 C. C. A. 51; Transit Co. v. Walton, 105 Tenn. 415, 426, 58 S. W. 737.

[3] Defendant insists, however, that subdivision 3 applies to the case only where the person collided with appears as an obstruction upon the track ahead of the train; in other words, to a striking by the front of the train. This question is important, for we scarcely think the evidence justified a finding that the decedent appeared as an obstruction on the track, or within striking distance, ahead of the train. We agree with the learned District Judge that the statute should not be so narrowly construed. It is true that the majority of the cases in which the statute has been applied have arisen either under subdivision 2 or subdivision 4; and quite naturally, under subdivision 2, the person struck has usually appeared as an obstruction upon the track or within striking distance, ahead of the train. But the construction contended for would require the interpolation in both subdivisions 2 and 3 of the clause (found in subdivision 4) "when any person, animal, or other obstruction appears upon the road." Such interpretation seems to us not to accord with the construction put upon the statute by the Supreme Court of Tennessee, although we do not find that that court has in terms decided the specific point we are considering.

In Railroad Co. v. Davis, 104 Tenn. 442, 450, 58 S. W. 296, 299, in a case arising under subdivision 3, it was said:

"The object of the statute was to give notice of the approach of this heavy and dangerous machinery, where it would be required to pass through centers of population a sufficient length of time to thoroughly advertise its coming."

True, in Railroad Co. v. Feathers, 78 Tenn. (10 Lea) 103, 105, the court, in refusing to apply subdivision 3 to an injury resulting from the fact that a horse, while being driven along the highway, was frightened by the sound of the train, said that the statutory regulations "do not apply in favor of parties not injured in crossing or attempting to cross a railroad, *but simply by reason of the fact that they are casually riding along near and parallel to the railroad* [italics ours] on a public road, with no purpose to cross it."

But in Railroad Co. v. Gardner, 1 Lea (Tenn.) 688, 691, which was in fact a case of injury at a crossing, the trial court held the requirements of subdivision 3 applicable. In replying to the insistence that the rule of absolute liability was limited to cases in which the "obstruction appears on the road," requiring a lookout, etc., the court said (speaking of the following section, 1167, now 1575):

"We can see nothing in the language of this section to limit its operation * * * to the section [meaning, of course, subdivision] immediately preceding it. If such had been the legislative intent, it would have been easy to have said so. We must give the language its natural signification, and this inevitably makes it include all the previous precautions in the statute, * * * none being excluded."

In Byrne v. Railroad Co., 61 Fed. 605, 612, 613, 9 C. C. A. 666, 24 L. R. A. 693, this court held subdivision 3 applicable to the case of a pedestrian stepping in front of the train so shortly before the collision occurred as to prevent the employment of the precautions prescribed by subdivision 4. The statute cannot be construed as limited to attempts to cross the track.

In Railroad Co. v. Sutton, supra, the plaintiff was walking on the track ahead of the train, but not trying to cross. He left the track just before the train reached him, and the question was whether he had gone beyond striking distance of the train, so as to relieve the railroad from the exercise of the precautions imposed by subdivision 4. It was there held that he was not "beyond striking distance" so long as he was "still so close to the track that, having due regard for the instinct of self-preservation and the involuntary movements of his body, there is still a reasonable probability or likelihood that he may fall or be thrown against the side of the engine or train as it passes him." In that case we held that the statute should not be so strictly construed as to defeat the obvious intent of the Legislature.

As indicating the liberal interpretation put upon the statute: In L. & N. Ry. Co. v. Truett, supra, recovery was permitted upon the theory that the deceased, when about to cross and seeing the approaching train, attempted to turn his horse back, but the latter became frightened and unmanageable, and crowded so close to the train that the deceased was struck by a passing car.

It can scarcely be doubted that one attempting in the darkness of the night to cross a railroad track, and so colliding with the side of an unseen moving train, would not be denied recovery from the mere fact that he had not appeared upon the track itself ahead of the train. We thus think subdivision 3 applies, although the boy did not appear as an obstruction in front of the train. We find nothing in the cases relied on by defendant which we think should lead to a contrary conclusion.

[4, 5] There was, however, evidence tending to show that the deceased boy saw the train before he started for home, and knew that it was coming. Defendant contends that evidence of such notice and knowledge is conclusive, and that the manner of the collision shows beyond question that the boy lost his life by attempting to "hop on" or "swing" the train. The court, however, refused to direct verdict for defendant, but instructed the jury that, if the boy lost his life by attempting to "swing" the train, he could not recover "unless he was of such age, capacity, and intelligence as not to apprehend the circumstances and appreciate the dangers of so doing." We think the court rightly refused to direct verdict, and that the charge was as favorable to defendant as it was entitled to, without regard to the conclusiveness of the evidence as to the deceased boy's knowledge of the train's approach, and even if he was attempting to "swing" the train, which is by no means certain, for we are disposed to agree with the District Judge that the statutory warnings in question were intended for the benefit also of those having the care of infants of tender age, and we think the evidence tended to show that, had the warnings been given, the mother might have been able to protect the boy. Moreover, failure to observe the statutory precautions is held to render a railroad company liable, even though the jury should find that their observance would not have prevented the accident. Railway Co. v. Walker, 11 Heisk. (Tenn.) 383, 385; Railway Co. v. Connor, 9 Heisk. (Tenn.) 19, 26; Railway Co. v. Burke, 6 Cold. (Tenn.) 45, 50, 51. In the latter case, it was said:

"The railroad company is responsible for the damages occasioned by or resulting from the accident or collision, unless it shows that the precautions

prescribed by these sections were performed, and although it may appear that the accident or collision would have occurred had the precaution been performed. Cases of hardship and absurdity may occur upon such construction of the clauses of the Code; but the language is explicit and certain, and the construction is inevitable."

True, in the Burke Case it was said that "a person injured by a collision or accident caused by his own willful act" cannot recover. That was a case of collision with an employé of the railroad who had lain down drunk on the track, the duty on which he was sent out being to tighten the joints of the rails and to help repair a switch; and the holding of the Burke Case as to the effect of a "willful act" was applied by this court in Byrne v. Railroad Co., supra, to the case of a pedestrian who stepped in front of an approaching engine, suggesting an apparent intention of thereby committing suicide. We think the court did not err in limiting the effect of the boy's action by reference to his intelligence and appreciation of danger. Were this a question of contributory negligence, such considerations plainly would control. What is said in Felton v. Aubrey (C. C. A. 6) 74 Fed. 350, 361, 20 C. C. A. 436, respecting the nonliability of a railroad company to keep a lookout for infants more than for adults, has reference to the negligence of the railroad company. Here defendant's negligence, or its equivalent, was made out when failure to observe the statutory precautions appeared. Without otherwise attempting to define the limitations of the defense of "willful injury," we think it clear, in view of the absolute nature of the statutory liability despite affirmative showing that compliance with the statute would not have prevented injury, that the defense in question is, at most, so far an exception as to justify, as applied to children of tender years, at least no harsher rule respecting intelligence and appreciation of danger than would be applied in common-law actions where contributory negligence is set up.

While we have not discussed all the errors argued, we have considered them all, and find no error.

The judgment of the district court is affirmed, with costs.