FELTON v. NEWPORT.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1900.)

No. 813.

**1. RAILROADS—PERSON KILLED UPON TRACK—ACTION FOR DAMAGES.**
 Plaintiff's intestate left a station in Tennessee in the night, walking upon the railroad track, and in the morning his body was found in pieces a short distance away, the trunk lying between the rails. During the time six trains had passed, going in different directions. There were indications that the body had been carried forward and back along the track by the passing trains, but there was no direct evidence as to how he came to his death, though there was evidence that he was intoxicated when he left the station. The engineers and firemen of all the trains testified that they kept a vigilant lookout, that the headlights were burning, and that none of them saw the man on the track, either living or dead. Shannon's Code Tenn. § 1574, subd. 4, relating to railroads, provides for the keeping of a lookout on all locomotives, and that "when any person, animal or other obstruction appears upon the road the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." *Held*, that upon such evidence it was a question for the jury whether the deceased had "appeared upon the road," and whether the railroad company had discharged its duty of maintaining a proper lookout, and had taken the other prescribed precautions.

**2. SAME—CONTRIBUTORY NEGLIGENCE—TENNESSEE STATUTE.**
 Under Shannon's Code Tenn. § 1574 et seq., which prescribes the precautions to be taken on railroads to prevent accidents or injury to persons on the track, and provides that a failure to observe such precautions shall render the company liable for all damages to persons or property injured as the result of any accident or collision, but that contributory negligence may be considered in estimating the damages, contributory negligence does not necessarily restrict recovery to nominal damages, but the jury are given a wide discretion to fix the damages in accordance with their estimate of the relative negligence of the parties, where both are negligent.

**3. SAME—CARE REQUIRED—LOOKOUT.**
 The mere fact that a lookout was maintained on an engine, as required by statute, and that he did not see a person on the track, does not exonerate the railroad company from liability for the killing of such person, but it must further appear that the lookout could not have seen him in the exercise of due care and watchfulness.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Charles R. Head, for plaintiff in error.
Jerome Templeton, for defendant in error.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. This case has been here once before. The opinion then given, and which is reported in 34 C. C. A. 470, 92 Fed. 470, related mainly to certain rulings made upon the former trial in reference to the question whether Helenwood, the place where the accident happened, was an incorporated town, the statute of Tennessee having prescribed certain duties to railroad companies when passing through such places. Special precautions in the blowing of whistles and the stoppage of trains are required in the circumstances enumerated in the statute. The result was that the judg-

ment was reversed mainly for error in that regard, and direction was given for a new trial. This has been had, and another verdict and judgment have been obtained in favor of the plaintiff. The case has been again brought here on writ of error by the defendant. The evidence upon the second trial was substantially the same as that upon the first, except that the actual incorporation of Helenwood was fully proven. The facts are quite fully stated in the former opinion, and they will not be further recited now otherwise than by references in what follows.

The errors assigned may be reduced to three:

First. That the court erred in not granting the request of the defendant below for peremptory instructions to the jury to render a verdict that the plaintiff was not entitled to recover.

Second. That the court erred in not granting the defendant's request to instruct the jury that:

"If the deceased voluntarily got drunk, and went upon the track, and lay down and went to sleep, then, although the jury may believe the precautions of whistling and putting down the brakes, etc., were not observed, then the jury should only give nominal damages in the case. This would be true if he, drunk, got upon the track, although he may not have gone to sleep."

Third. That the court erred in not granting the defendant's request to instruct the jury that:

"If Newport was upon the track in front of a moving train, and was not seen by some one upon the engine, but such person was upon the lookout ahead, and in a position to see, but did not see, then the plaintiff cannot recover."

1. We have had some doubt from the beginning whether the facts and circumstances disclosed by the evidence were such as to remove the case from the region of mere conjecture as to how the accident occurred, and particularly whether it was shown with sufficient certainty that Newport, the deceased, appeared upon the road as an "obstruction," within the meaning of subdivision 4, § 1574, Shannon's Code Tenn., which requires that, "when any person, animal or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down and every possible means employed to stop the train and prevent an accident." The accident occurred in the night. Six trains passed over the road between the time when Newport was last seen going north from the depot on the track and the discovery of his body between the rails, not far away, early next morning. Some of these trains went north, and others south. The first went north. One of his feet was found drawn fast into the frog of a switch opening to the south. The body was mangled, and was recovered in pieces. The trunk was found at considerable distance from the switch, where the foot was found. There were indications that the body had been carried forward and back by the trains as they moved in opposite directions. The engineers and firemen of the several trains were produced as witnesses, and testified that they maintained a vigilant lookout in passing through the locality; that the headlights of the locomotives were in order, and burning; and that they, none of them, saw the man, alive or dead, anywhere upon the road. Upon this evidence counsel for the plaintiff in error contended, and contends here, that, as these witnesses are not contra-

dicted or impeached, and as the accident might have happened without Newport's having appeared upon the road,—that is, the track,— (as, for instance, by his stumbling before the engine or between the cars just as the train passed), it was the duty of the jury to have paid regard to the positive evidence of the trainmen, and found that the accident occurred in some of the other suggested possible ways, thus reconciling the proofs with the possibilities. But the testimony of some of these witnesses gave ground for thinking that they did not very clearly remember some of the important facts about which they testified; and, moreover, it cannot be ignored that their testimony was self-serving, in that it related to matters which it was their duty to attend to, the violation of which might result in their discharge, and even more serious consequences to them. Again, the jury might think that the fact that none of these witnesses saw the deceased, taken in connection with the indications upon the track and the body that the latter had been moved from place to place by successive trains, contradicted their testimony that they maintained a proper lookout. Perhaps the probabilities favored the conclusion that Newport had laid down upon the track intoxicated, and was struck while in that place and condition. While we freely admit as sound doctrine that juries ought not to be permitted to fasten, by their verdicts, liabilities upon parties, based upon mere conjecture, or where the probabilities are as easily reconcilable with freedom from fault as the contrary, and that it is the duty of the court to give instructions to the jury which will prevent such injustice, still we conclude, after mature reflection, that the evidence in the present case was such that it was necessary to leave the questions of fact whether the deceased had appeared upon the track, and whether the railroad company had discharged its duty of maintaining a proper lookout, and taken the other prescribed precautions, to the jury. We cannot say that fair-minded men could not have reached the conclusion which the jury has arrived at in two successive trials.

2. It is further insisted that the court should have instructed the jury, as requested, that, if the deceased got drunk, and went upon the track, and lay down there, even if the precautions of whistling and putting down the brakes were not observed by the railroad company, only nominal damages could be given. This instruction would have been erroneous. The result would not follow. Suppose the jury should have believed that Newport was seen upon the track, and, notwithstanding this, no precautions, or grossly inadequate precautions, were taken to avoid injuring him, it could not be that the damages must be nominal. Besides, we do not understand the rule in Tennessee, under this statute, to be that the damages in such cases must be either fully compensatory or merely nominal. After defining the duty of the railroad company, and imposing an absolute liability in case of its nonobservance, the statute goes on to declare that the contributory negligence of the plaintiff may be considered in estimating the damages. This gives the jury a wide range of discrimination, and they are left to fix the damages according to their estimate of the relative negligence of the parties where both are negligent.

3. Complaint is made that the court declined to instruct the jury that, "if Newport was upon the track in front of a moving train, and was not seen by some one upon the engine, but such person was on the lookout ahead, and in a position to see, but did not see, then the plaintiff cannot recover." The fault with this instruction would be that it attributes no measure of diligence to the person on the lookout. The premises assumed might all be true, and the lookout have been negligent and heedless. The statute contemplates an efficient and watchful lookout, and not one which is merely perfunctory. A lookout who does not see what, with due care, should have been seen, would not be in the proper discharge of his duty. The jury in the present case may have thought that, if the lookout had been observant, the man would have been seen.

We are therefore of opinion that none of the assignments of error can be sustained, and that the judgment should be affirmed.