CINCINNATI, N. O. & T. P. RY. CO. v. DAVIS.

(Circuit Court of Appeals, Sixth Circuit. February 2, 1904.)

No. 1,236.

1. RAILROAD—ACCIDENT ON TRACK—DAMAGES—GROSS CONTRIBUTORY NEGLIGENCE.

Under Shannon's Code Tenn. § 1574, providing that every railroad company shall keep some one on the locomotive always on the lookout ahead, and, when any person appears upon the road, the alarm whistle shall be sounded, and every possible means employed to prevent an accident, and section 1575, providing that a railroad company which fails to observe these precautions shall be responsible for all damages resulting from a collision, contributory negligence goes only in mitigation of damages; and though, if the person killed on the track was grossly negligent, the jury may mitigate the damages to nominal damages only, they need not do so.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

Edward Colston, Charles R. Head, and George Hoadly, Jr., for plaintiff in error.

Pickle & Turner and Locke & Rhea, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit brought by the widow of Henderson Davis to recover damages for his negligent killing by the railway company. He was struck and· killed between 8 and 9 o'clock on the night of April 30, 1901, by the fast mail train bound south, in a cut a short distance south of the station of Glen Alice, near which he lived. It is conceded that the deceased was struck when on the track, either walking, sitting, or lying; and the negligence charged was the failure of the company to observe the precautions re-

¶ 1. See Railroads, vol. 41, Cent. Dig. §§ 1315, 1316.

quired by the Tennessee statute (Shannon's Code, § 1574), which provides that "every railroad company shall keep the engineer, fireman or some other person upon the locomotive, always on the lookout ahead, and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." No motion was made to direct a verdict for the defendant, and the case went to the jury. A verdict and judgment for $1,500 being rendered, which the court, on a motion for a new trial, declined to disturb, the controversy has been brought here for review.

It seems to be conceded that, in view of the provisions of the Tennessee statute, the jury was justified in returning a verdict in favor of the plaintiff. But it is strongly urged that, upon the facts shown, only nominal damages were recoverable, and the errors assigned are predicated upon the refusal of the court to give certain charges stating this fact in different forms.

The deceased lived about a mile south of Glen Alice, and half a mile from the railroad track. Some persons were in the habit, in going from the station to his house, of walking down the track through the cut, and then turning off to the house. On the day he was killed, the deceased went to Rockwood, a town six miles north of Glen Alice. He was a man who occasionally used liquor to excess, and at Rockwood he became intoxicated. One witness, who saw him at Rockwood, said he was drunk "right smart"; went to sleep on a plow. Another, that he was drunk; "could just walk." He left Rockwood about 8 o'clock, on the local passenger train, in company with his friend, Dr. Murray. The train reached Glen Alice about 15 minutes later. Murray testified that the deceased had been drinking a little— not a great deal; he was talkative, but could walk all right, and did not stagger. The doctor walked with Davis until opposite his office; then asked Davis to go home with him and stay all night. Davis declined, saying that he promised his wife to come home, and proceeded down the track in the direction of the cut. Not a great while after the local train south left Glen Alice (one witness said from 20 to 25 minutes), the fast mail bound south passed, running, the engineer stated, 55 miles an hour. It blew one long whistle for Glen Alice, but gave no other signal, and did not stop. It was then about 4 hours late. The next morning the remains of the deceased were found scattered for a distance of 2 miles along the track. He had been struck by the fast mail in the cut. His watch was stopped at 15 minutes of 9. Both the engineer and fireman testified they did not see the deceased, but the condition of the engine, when examined at Chattanooga, showed the part it had played in the accident.

The night was clear, and the engine carried an electric headlight, which, the engineer testified, "took in the track" for about 200 yards ahead. The engineer admitted that, if the deceased had been standing or walking on the track, he probably could have seen him.

On behalf of the plaintiff, there was testimony tending to show that the deceased was only slightly intoxicated; that he was able to walk without staggering, and was in a condition to take care of himself; and that he was walking along the track, going south, towards

his home, when struck. One witness testified that he was passing in a buggy, going south on the country road, near the track that night, when two trains passed, going south. Just before the second one passed, he saw a man walking south on the track towards the cut. He took this man to be the deceased, whom he had seen that day in Rockwood. There was also testimony tending to show that the deceased was struck at a point in the cut where he could have been seen by the engineer if a proper lookout had been kept.

On the other hand, on behalf of the defendant there was testimony tending to show that Davis was drunk that day, and that he was struck at a place in the cut where there was a curve, and where he could not have been seen by the engineer if he was sitting or lying down.

The contention of the plaintiff was that Davis was walking along the track where he could have been seen if a proper lookout had been kept, and was struck and killed by the train, which was hours behind time, and which he had no reason to look out for, because of the failure of the engineer and fireman to observe the statutory precautions. The railway company insisted, in answer to this, that Davis was killed because of his own gross negligence; that he was drunk, and in all probability was sitting or lying on or near the track at a place where the engineer, although he kept a sharp and proper lookout, could not and did not see him.

Such being the conflicting testimony and claims, the court submitted the case to the jury, calling attention to the statutory provision; instructing the jury that, under the Tennessee law, contributory negligence on the part of the deceased would not defeat a recovery if they found the statutory provisions had been violated; but advising them that, in case of gross negligence, they could mitigate the damages, even to a point of giving only nominal damages, which he defined. He declined, however, to direct the jury, upon the facts, to bring in a verdict for only nominal damages. In this the court did not err. In the case of Felton v. Newport, 105 Fed. 332, 44 C. C. A. 530, we had occasion to consider a case similar in essentials to this. In that case a man was run down at night. Neither the engineer nor the fireman saw him. He had left a station, walking upon the track. There was testimony that he was intoxicated. His remains were found the next morning scattered along the track. The court was requested to instruct the jury that if the deceased got drunk, and went upon the track and lay down there, even if the precautions of whistling and putting down the brakes were not observed, only nominal damages could be given. We said (105 Fed. 334, 44 C. C. A. 533):

"This instruction would have been erroneous. The result would not follow. Suppose the jury should have believed that Newport was seen upon the track, and, notwithstanding this, no precautions, or grossly inadequate precautions, were taken to avoid injuring him; it could not be that the damages must be nominal. Besides, we do not understand the rule in Tennessee, under this statute, to be that the damages in such case must be either fully compensatory or merely nominal. After defining the duty of the railroad company, and imposing an absolute liability in case of its nonobservance, the statute goes on to declare that the contributory negligence of the plaintiff may be considered in estimating the damages. This gives the jury a wide range of discrimination, and they are left to fix the damages according to their estimate of the relative negligence of the parties, where both are negligent."

Two of the charges requested of the court below were substantially similar to that considered by us in the Newport Case. Thus the court was requested to instruct the jury that only nominal damages should be given if they should find either, first, "that the deceased went upon the track without stopping, looking, or listening, and looking and listening as long as he remained upon the track"; or, second, that "the deceased was drunk, and went upon the track, and sat down on or near enough to the same to be in danger from a passing train, and fell asleep, or was in a drunken stupor, and was thus struck by a passing train and killed." Each of these hypotheses considers solely the negligence of the person killed. Suppose he was negligent—grossly negligent; this does not relieve the company from the obligations of the statute. The engineer or fireman must still always keep "upon the lookout ahead; and when any person * * * appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." Code, § 1574. The railroad company that fails to observe these precautions shall be responsible for all damages to persons that may occur. Code, §.1575. And the proof that it has observed these precautions shall be upon the company. Code, § 1576. It is conceded that no precautions were taken in this case. The company says the engineer could not and did not see the deceased. But the jury may have believed otherwise. There was conflicting testimony, both as to where the deceased was struck, and whether at that point he could have been seen by the engineer from the direction of Glen Alice. Although the deceased was guilty of gross negligence, we understand that, under the construction of these statutory provisions by the highest court of Tennessee, the jury is not limited to nominal damages, but, in their discretion, may mitigate the damages to a point not nominal, but still substantial. The relative negligence of the parties, as affecting the amount of the verdict, is a matter peculiarly for the jury.

In Railroad v. White, 5 Lea, 540, a verdict for $1,000 was sustained, although the court states (page 545) that it appeared to its satisfaction that the injured person was intoxicated, and lay down and fell asleep in the position he was found. In Railway Co. v. Foster, 88 Tenn. 671, 13 S. W. 694, 14 S. W. 428, where a colored man, about 70 years old, while walking upon the track, and guilty of the grossest negligence, had been struck and killed, a judgment for $300 was sustained. In the opinion the cases are reviewed. The court points out (page 677, 88 Tenn., and page 695, 13 S. W.) that "at the common law contributory negligence may bar the action, but under the statute it is to be considered only in mitigation of damages." In Patton v. Railway Co., 89 Tenn. 370, 15 S. W. 919, 12 L. R. A. 184, the deceased was struck by a detached portion of a freight train while he was walking on the track. The court held that his negligence in not looking and listening would not bar the action. The statute allows damages upon the failure to observe the precautions prescribed, regardless of the negligence of the party injured; such negligence going only in mitigation of damages. Page 379, 89 Tenn., 15 S. W. 919, 12 L. R. A. 184. In many other cases the Supreme Court of Tennessee has sustained verdicts for substantial damages, although the injured person was

grossly negligent. Hill v. Railroad, 9 Heisk. 824; Railroad v. Walker, 11 Heisk. 383; Railroad v. Wilson, 90 Tenn. 272, 16 S. W. 613, 13 L. R. A. 364, 25 Am. St. Rep. 693; Railroad v. Fain, 12 Lea, 35.

But it is pressed upon our attention that in the case of Railway Co. v. Hickey the Supreme Court of Tennessee, in an opinion by Judge Wilkes, laid down the rule that, where the injured person was guilty of gross negligence, only nominal damages could be recovered. The opinion referred to was a memorandum one, not for publication. The case was reversed upon the ground that the court below, although requested, failed to instruct the jury as to what nominal damages are. The case being one of gross negligence on the part of the deceased, in which the recovery might properly have been limited to nominal damages, the court held this was error. It is true, the opinion states that the case was properly one for nominal damages only. But this expression was obiter dictum. We do not feel warranted in departing from the rule laid down in a long line of reported cases because of an unpublished remark not demanded by the decision made.

The judgment is affirmed.