## REPUBLIC IRON & STEEL CO. v. YANUSZKA.

(Circuit Court of Appeals, Sixth Circuit. January 28, 1909.)

### No. 1,846.

1. PLEADING (§ 408*)—OBJECTIONS—WAIVER.
    Under Rev. St. Ohio 1908, § 5063, an objection that the petition does not state facts sufficient to constitute a cause of action is not waived by answer to the merits, but may be made at any time before final judgment.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1366; Dec. Dig. § 408.*]

2. MASTER AND SERVANT (§ 260*)—INJURIES TO SERVANT—ASSUMED RISK.
    An objection that the defense of assumed risk should be negatived in a petition for injuries to a servant is applicable only to averments of common-law negligence, and does not apply to averments of negligence arising from an alleged breach of the master's statutory obligation to protect machinery and appliances.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 844–848; Dec. Dig. § 260.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** PLEADING (§ 428*)—OBJECTIONS—WANT OF FACTS.

A general objection to evidence on the ground of want of facts, in the petition in an action for injuries to a servant, is not sustainable if a cause of action is stated on any one of the grounds of negligence charged.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 428.*]

**4.** MASTER AND SERVANT (§ 260*)—INJURIES TO SERVANT—STARTING MACHINERY—STATUTES—PETITION.

Rev. St. Ohio 1908, § 4364–89c, requires all shopowners to exercise ordinary care to make suitable provision to prevent injury to persons who may come in contact with machinery, and declares that exposed cog and other wheels located in certain positions should be guarded by substantial railings. Section 4238 o-1 cuts off the defense of assumed risk when an employé is injured by neglect to protect machinery as so required, except for the reduction of damages. *Held*, that a petition for injuries to a shearsman in a steel mill, alleging that plaintiff while performing his duty had his right arm and hand caught between exposed and unprotected cog wheels which were within two feet of where plaintiff was required to work, and that defendant was negligent in failing to properly box, cover, and shield the wheels from which plaintiff, without fault on his part, sustained damage to the extent, etc., stated a cause of action.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 260.*]

**5.** TRIAL (§ 251*)—INSTRUCTIONS—APPLICABILITY TO ISSUES.

Where, in an action for injuries to a servant, the court properly construed the petition as averring negligence in respect to defendant's failure to properly inclose unprotected cog wheels by a sufficient railing, and limited plaintiff's right to recover to that question, requests to charge relieving defendant from the duty to box or cover the cog wheels by which plaintiff was injured were properly refused as irrelevant.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 251.*]

**6.** EVIDENCE (§ 195*)—MODELS—REDUCED SIZE—DISCRETION.

Where an alleged model of a machine by which plaintiff was injured, reduced one-quarter size, was offered in evidence it was a proper exercise of the trial court's discretion to refuse its admission because such difference in size was calculated to confuse rather than instruct the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 680; Dec. Dig. § 195.*]

**7.** MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—QUESTION FOR JURY.

Where a servant was injured by his hand and arm becoming caught in the unprotected cog wheels of a machine around which a railing had been constructed, the negligence alleged being defendant's failure to properly inclose the unprotected cog wheels with a substantial railing, as required by Rev. St. Ohio 1908, § 4364–89c, the sufficiency of the railing as a protection, being a question of fact on which different views might be taken, was properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

This was an action in tort for the negligent injury of the defendant in error while in the service of the plaintiff in error. Yanuszka was operating a device known as a "seven-inch shears," used for the purpose of cutting bundles of iron rods in proper lengths. That machine, as described in the brief of counsel for plaintiff in error, consisted in "a framework supporting two shafts with pulleys and cog wheels attached for the purpose of receiving power and transmitting it to the shears, which consist of two long levers, placed one above the other, each bearing a blade at one end, and also supported by the framework of the machine. These shafts lie in the same

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

horizontal plane, and to the end of one of them a cam is attached, and so arranged that when the machine is in use it causes one of the levers to move up and down, thus making the shears operate in precisely the same manner as an ordinary pair of scissors. The lower lever is stationary, and the upper one is suspended on a fulcrum between the point where the cam comes in contact with it and the blade. One of the cog wheels is about 2½ feet in diameter, while the other is about 9 inches in diameter. These cog wheels operate in the same perpendicular plane, meshing into one another on the downward movement, and serve the purpose of transmitting power from the shaft, to which the pulley is attached to the one bearing the cam, at a reduced speed. A fence or railing is constructed around the machine, with the exception of the blades or shears, which project beyond and in front of it, so as to be convenient for operation. This railing was constructed by placing at each corner of the machine a 4 by 4 post about 4 feet high, and nailing boards horizontally from post to post."

This statement is supplemented by the statement, in the brief of counsel for Yanuszka, that it should show where Yanuszka had to stand with reference to the cogs in which his hand and arm became engaged. Counsel as to this say:

"Let the shears at which the defendant in error was at work be represented by an ordinary pair of scissors, situated in a horizontal position, the upper jaw working perpendicularly against the lower jaw, which is stationary. The defendant in error, while at work, had to stand facing the side of the jaws or blades, his left hand being next to the gear wheels and cogs operating the shears, and which were immediately beside the shears. The gears consisted of two cog wheels, meshing together on the downward movement. The distance from where the operator stood to the mesh of the gears was from 7 to 18 inches."

The negligence charged by the petition, which under the Ohio Code pleading corresponds to a common-law declaration, was as follows:

"First. In directing plaintiff to work so near to said exposed cog wheels.

"Second. In failing to properly box, cover, and shield said cog wheels.

"Third. In not providing plaintiff a safe place in which to work."

There was a jury, and verdict and judgment for the plaintiff below. The defendant has sued out this writ, and assigned error.

L. A. Manchester, for plaintiff in error.

W. P. Barnum, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and KNAPPEN, District Judge.

LURTON, Circuit Judge (after stating the facts as above). The first assignment of error relates to the indefiniteness of the third ground of negligence averred in the petition, namely, that the defendant had not provided "plaintiff a safe place in which to work." A motion to make this averment more definite and specific was overruled. This error, if one at all, became wholly immaterial, for the plaintiff in the progress of the trial relied entirely upon the second ground of negligence stated, namely, that defendant failed "to properly box, cover, and shield said cog wheels." Neither did the court submit to the jury any other question of negligence.

The defendant had already joined issue upon the petition, and the jury had been impaneled. The counsel for the plaintiff had made an opening statement, when the counsel for the defendant interposed the general objection to the admission of any evidence whatever, giving as a reason that "the petition does not state any cause of action." This objection is not waived by the answer, and may be made at any

time before final judgment in the case. Rev. St. Ohio 1908, § 5063; Youngstown v. Moore, 30 Ohio St. 133. The defect now pointed out is that the petition does not state that the plaintiff was ignorant of the defective appliance to which he attributes his injury; in other words, that an assumption of risk is not negatived. But this objection, assuming that assumption of risk should be negatived, is applicable only to the averments of common-law negligence, and is not necessary to the averment of negligence under the statutory obligation to protect the machinery and appliances with which or about which employés are engaged. By section 4338o1, Rev. St. Ohio 1908, it is provided that continuance in employment—

"with knowledge of such omissions shall not operate as a defense, and in such actions, if the jury find for the plaintiff, it may award such damages not exceeding, for injuries resulting in death, the sum of $5,000.00, and for injuries not so resulting the sum of $3,000.00, as it may find proportional to the pecuniary damages resulting from said injuries."

This case resolved itself into the question as to whether the defendant had complied with the requirements of section 4364–89c, Rev. St. Ohio 1908, both because the plaintiff made no showing of evidence to support the first and third grounds of negligence, which were acts of negligence at common law, and because the court submitted to the jury only the question of negligence stated as the second issue, which was obviously a statement of negligence in respect of the statutory duty to guard and protect employés from exposed machinery and appliances. If, therefore, a cause of action was stated under the statute, the general objection to any evidence was too broad and was properly overruled. The case, therefore, turns upon the question as to whether negligence in respect to a duty imposed by statute was sufficiently stated. Section 4364–89c, Rev. St. Ohio 1908, requires all owners of shops, or places. where machinery of any kind is used or operated, to take "ordinary care and make such suitable provisions as to prevent injury to persons who may come in contact with any such machinery or any part thereof." The act then proceeds to define what shall be suitable provision or ordinary care in specified cases. So much of the act as is here involved is in these words:

"And such ordinary care and such suitable provisions shall include the casing or boxing of all shafting when operating horizontally near floors, or when in perpendicular or other position operating between, from or through floors, or traversing near floors, or when operating near passageway, or directly over heads of employés; the enclosure of all exposed cog wheels, fly wheels, band wheels, all main belts transmitting power from engine to dynamo, or other kind of machinery, and all openings through floors, through, or in which such wheels or belts may operate, with substantial railings."

The averment of the petition, after stating that the defendant was engaged in the manufacture of iron and steel, and was operating a mill located at Youngstown, in the state of Ohio, and that the plaintiff, while in its service as a "shearsman" and engaged in his duty as such "shearsman," had his right hand and arm caught "between exposed and unprotected cog wheels, which were within two feet of

where plaintiff was required to work." It is then averred that his injury was—

"directly and proximately produced by the gross negligence and unlawful acts of the defendant company in this, to wit:
"First. In directing plaintiff to work so near to said exposed cog wheels.
"Second. In failing to properly box, cover and shield said cog wheels.
"Third. In not providing plaintiff a safe place in which to work."

It is then averred that the plaintiff was without fault and did not contribute to his own injury, and that he had sustained damage to the extent of $20,000. This act should be read and construed in connection with section 4238o1, which cuts off the defense of assumption of risk when an employé has been injured by neglect to protect machinery as provided by section 4364–89c, except for the purpose of reducing the damages otherwise recoverable. The fundamental purpose of both acts is remedial and humanitarian, and this beneficent object should not be defeated by narrowness of construction. The case stated by the petition is, in substance, that he had been injured by coming in contact with exposed and unprotected cog wheels, and that the legal duty of the defendant company was to protect or shield such cog wheels by boxing, covering, or shielding.

If the defendant had neither boxed, covered, nor shielded such exposed cog wheels, it had failed to inclose them by a "substantial railing," and evidence so showing was competent. The objection was, therefore, too broad, for a cause of action is stated with sufficient certainty as to leave no doubt as to the negligent act relied upon.

The second and third requests for charges were denied, and this has been assigned as error. They were as follows:

"(2) There was no duty resting upon the defendant in this case to box or cover the cog wheels in question, and there can be no recovery by reason of its not so doing.
"(3) If you find that plaintiff sustained his injury solely by reason of the unboxed or uncovered condition of the cog wheels in question, or by reason of such condition and his own neglect or lack of proper care, then your verdict must be for the defendant."

The learned trial court construed the petition as averring negligence in respect to a failure to properly inclose unprotected cog wheels by a substantial railing. Thus he, among other things, said to the jury, as to the issues upon which the case should turn:

"The plaintiff in this case says that at the time he was hurt these cog wheels in which his hand and arm were caught were not inclosed with a substantial railing in the sense in which that expression is used in the statute."

Again, he said:

"Now, I ask you these questions. They are questions you are to answer in determining what are the rights of the parties in this case. Was this fence or railing the kind that the statute requires? Did this fence operate so as to inclose the exposed cog wheels with a substantial railing?"

Thus the court properly confined the case to the single question as to the sufficiency and condition of the railing which was relied upon as a compliance with the statute. The special requests in respect to boxing or covering of the cog wheels were not relevant to any issue

upon which the case was made to turn, and their denial could have done no harm to the defendant.

The defendants offered in evidence a model of the shearing device and the railing which inclosed it. Upon objection it was excluded because it was only one-fourth the size of the machine represented, the court being of opinion that this difference in size was calculated rather to confuse than to instruct the jury. Much discretion must be allowed a trial judge in respect to evidence of this character. There was no such abuse of discretion in this instance as to require a reversal and new trial.

The court did not submit the interpretation of the statute to the jury. He placed before them the conflicting claims as to the character and sufficiency of the inclosure or railing, explained the purpose and general scope of the act, and left it to the jury to say whether the railing, as they should find it to have been at the time of the accident, did or did not operate to inclose the cog wheels with a "substantial railing." We do not see how the court could have gone further. The sufficiency of the railing as a protection was a question of fact about which different views might be taken. It was not, upon the disputed facts of this case, error to submit the question to the jury.

Other errors were assigned. They have been examined. The case was plainly one for the jury, under the law as laid down by the court.

The assignments are overruled, and the judgment affirmed.