STANDARD FIRE EXTINGUISHER CO. v. HELTMAN.

(Circuit Court of Appeals, Sixth Circuit. March 13, 1912.)

No. 2,149.

1. MASTER AND SERVANT (§ 270*)—INJURIES TO SERVANT—EVIDENCE.

In an action by an employé for injuries claimed to have been caused by failing to guard a machine with a substantial railing, as required by Rev. St. Ohio 1908, § 4364—89c, an offer to prove that more than eight months after the injury the inspector examined the machine and did not require any additional safeguards was properly denied, as it was only an offer to show a vague and indefinite declaration of opinion, not upon the witness stand.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

2. EVIDENCE (§ 506*)—EXPERT OPINION—ADMISSIBILITY.

So far as the offer might have contemplated an opinion from the inspector as an expert on the witness stand, it called only for his conclusion as to the ultimate fact in issue before the jury, and could not be received.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2309; Dec. Dig. § 506.*]

3. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—INSTRUCTIONS.

In an action by an employé for injuries claimed to have been caused by failing to guard a machine with a substantial railing, as required by Rev. St. Ohio 1908, § 4364—89c, which provides that ordinary care shall be taken to prevent injury to persons coming in contact with machinery, and that in certain cases substantial railing shall be provided, an instruction that, in determining whether the inclosing device used was the substantial railing required by the statute, the jury should consider whether the device was such as ordinary care required, was properly given.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1161; Dec. Dig. § 293.*]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Action at law by Robert Heltman against the Standard Fire Extinguisher Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Alfred Mack (Cohen & Mack and Milton Hurtig, on the brief), for plaintiff in error.

C. C. Benedict (Darby & Benedict, on the brief), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

PER CURIAM. We are asked to reverse a judgment for damages suffered by Heltman through having his hand caught in the cogs of the driving mechanism of a pipe-cutting machine, in the operation of which he was employed. The recovery depends upon whether this machine was one of those contemplated by the second clause of section 4364—89c of the Ohio Revised Statutes, and so was required to be

surrounded by a "substantial railing." Counsel urge that this section does not relate to this machine. We do not feel at liberty to consider the merits of this contention, because we cannot effectively distinguish this case from Republic, etc., Co. v. Yanuszka, 166 Fed. 684, 92 C. C. A. 280, where this statute was, by this court, deliberately applied to a machine and a situation essentially similar to those now involved. The statute having now been amended so that the precise question cannot arise again, and having been once considered by this court, we think inadvisable a detailed discussion of the suggested possible distinctions between the present and the former case. The inclosing device here present did not prevent the injury, and there was room for the jury to say that it was not the statutory "substantial railing."

[1, 2] The company (defendant below) also complains because it was not allowed to prove that the inspector examined this machine and did not require any additional safeguards, as he might have done pursuant to one of the provisions of the statute above referred to, and insists that, under this and other statutes, it is the theory of the Ohio laws that the inspector had discretion in determining the proper safeguards required under the general language of the statute, and that, when he has passed upon and approved a machine, the owner may rely upon such approval as an administrative application of the statute. This question, also, we do not consider, because it appears that the inspection in question was made November 30, 1909, while plaintiff's injury was received during the previous March. Defendant's offer to prove that the inspector did not require anything further on this machine was, therefore, only an offer to show a vague and indefinite declaration of opinion, not upon the witness stand, and, so considered, was obviously inadmissible. So far as the offer might have contemplated an opinion from the inspector as an expert on the witness stand, it called only for his conclusion as to the ultimate fact in issue before the jury, and, under familiar rules, could not be received.

[3] The jury was told that, in determining whether this inclosing device was the substantial railing required by the statute, it should consider whether the device was such as ordinary care required. Counsel say that this instruction put upon defendant a burden not imposed by the statute, in that a structure which was really a substantial railing might not satisfy the jury's view of ordinary care. This complaint overlooks the earlier part of the same statute, by which the duty of ordinary care is declared; and the requirement of a substantial railing is a specification under this general provision. The two parts must be construed together; and, so construed, the substantial railing must be of such a character as would be dictated by ordinary care to insure the object sought by the statute.

We find no error; and the judgment is affirmed, with costs.