## CRUCIBLE STEEL FORGE CO. v. MOIR.

(Circuit Court of Appeals, Sixth Circuit.   January 5, 1915.)

### No. 2521.

1. DEATH ☞58—CAUSE OF DEATH—SPECULATION.

A jury may not speculate between several causes of an accident, and find that defendant's negligence was the real cause of decedent's death, in the absence of a satisfactory foundation therefor in the testimony.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 75–78; Dec. Dig. ☞58.]

2. MASTER AND SERVANT ☞278—DEATH OF SERVANT—UNGUARDED MACHINERY.

In an action for death of a servant while operating a lathe, evidence *held* to justify a finding that the death was the result of defendant's negligence in failing to cover or guard the projecting and revolving driver, dog, nuts, and bolts attached to the machine, as required by Gen. Code Ohio, § 1027, subds. 3, 7, as amended by Act June 8, 1911 (102 Ohio Laws, p. 428).

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. ☞278.]

3. TRIAL ☞178—DIRECTED VERDICT—VIEW OF EVIDENCE.

On request for a directed verdict, the proofs must be viewed most favorably to the party against whom the direction is asked.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 401–403; Dec. Dig. ☞178.]

4. MASTER AND SERVANT ☞265—DEATH OF SERVANT—PRESUMPTIONS—PERFORMANCE OF DUTY.

Where a lathe operator, while bending over his machine, was caught and killed, he would be presumed to have been in the performance of his duty, in the absence of evidence to the contrary.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. ☞265.]

5. MASTER AND SERVANT ☞87½, New, vol. 16 Key-No. Series—WORKMEN'S COMPENSATION ACT—REJECTION—DEFENSES—CONTRIBUTORY NEGLIGENCE —ASSUMED RISK.

Where a master had elected not to be bound by the Workmen's Compensation Act of Ohio (Act June 15, 1911 [102 Ohio Laws, p. 529] § 21—1), contributory negligence and assumed risk are no defense.

6. MASTER AND SERVANT ☞121—DEATH OF SERVANT—UNGUARDED MACHINERY—STATUTES—NEGLIGENCE.

Failure of an employer to guard projecting parts of a swift turning lathe, as required by Gen. Code Ohio, § 1027, subds. 3, 7, as amended by Act June 8, 1911 (102 Ohio Laws, p. 428), constitutes negligence per se.

[Ed. Note.—For other cases see Master and Servant, Cent. Dig. §§ 228–231; Dec. Dig. ☞121.]

7. MASTER AND SERVANT ☞286—DEATH OF SERVANT—UNGUARDED MACHINERY—GUARDS—PRACTICABILITY—QUESTION FOR JURY.

In an action for death of a servant by being caught in an unguarded lathe, whether it was practicable to guard the lathe *held* for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. ☞286.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

8. MASTER AND SERVANT ⊚⟶121—DEATH OF SERVANT—UNGUARDED MACHIN-
    ERY—STATE OFFICERS—OMISSIONS.
    　　That the state inspector of workshops and factories had not required·
    guards to be placed on lathes of the character of that by which decedent
    was caught and killed was not conclusive that defendant was not re-
    quired to guard the same by Gen. Code Ohio, § 1027, subds. 3, 7, as
    amended by Act June 8, 1911 (102 Ohio Laws, p. 428).

    　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 228–
    231; Dec. Dig. ⊚⟶121.]

In Error to the District Court of the United States for the North-
ern District of Ohio; William R. Day, Judge.

Action by Catherine Moir, as administratrix of the estate of Thomas.
Moir, deceased, against the Crucible Steel Forge Company. Judgment
for plaintiff, and defendant brings error. Affirmed.

E. G. Guthery, of Cleveland, Ohio, for plaintiff in error.
R. B. Newcomb, of Cleveland, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit
Judges.

KNAPPEN, Circuit Judge. Defendant in error recovered verdict
and judgment for alleged negligent injuries resulting in the death of
decedent. The most prominent question concerns the refusal to direct
verdict for defendant. Three grounds are urged in support of this al-
leged error:

(a) Lack of evidence tending to show that the negligence complain-
ed of was the proximate cause of the accident. At the time of the acci-·
dent decedent was operating a turning lathe in defendant's machine-
shop. This lathe comprised a face plate 36 inches in diameter, on the·
surface of which was bolted a projecting driver in the form of an angle·
iron; the bolts extended three or four inches from the surface of the·
face plate; a steel forging was held in the lathe by two centers, one of·
which was in the face plate; a dog was fastened to the forging by
means' of a projecting set screw; the turning of the face plate (which·
made 200 revolutions per minute) caused the driver to engage the dog
and thus to revolve the forging. The cutting tool was carried by a
heavy post, mounted upon a carriage fed progressively by machinery
toward the face plate. Just before the accident the tool post had nearly·
completed its travel, and decedent was seen standing near it. There·
was no eyewitness to the accident.· Decedent was found with his head·
caught between the face plate and the tool post (then but 9 inches.
apart); the back of the head being against the face plate and the front.
of the face against the tool post. The left arm was lying across the body
of the lathe; the right arm hung limply outside. Deceased was kept.
on his feet by the catching of the head as described. He had apparently
been killed by being struck upon the head by the bolts projecting from·
the driver on the face plate, which revolved toward the front of the·
machine. The negligence relied upon is the failure to cover or guard

the projecting and revolving driver and dog and the nuts and bolts attached thereto, as required by the Ohio statute.[1]

[1] It is urged that the manner of the accident can only be conjectured; in other words, that there is no tangible evidence supporting the theory that he was caught or injured by the projecting and revolving parts of the machine. The rule is well settled that a jury is not permitted to speculate between several causes of an accident, and to find defendant's negligence to be the real cause in the absence of a satisfactory foundation therefor in the testimony. This proposition is sufficiently illustrated by decisions of the Supreme Court and of this court cited in the margin.[2]

[2] We think there was substantial testimony tending to show that the death occurred through the negligence complained of. There was testimony that following the accident a canvas glove was found on the floor on the back side of the machine, directly in line with the face plate, and in line with decedent's left arm if projected that far, and was kept in defendant's possession until the trial; that decedent more often than not wore canvas gloves when at work; that the glove, while made for the right hand, had apparently been worn upon the left hand, and was "ripped clean open; it was just like a flat piece of cloth." The deceased, when found, had no glove upon either hand, and the glove found was not identified as his. No attempt, however, has been made to account for the glove on any other theory than that it belonged to and was worn by decedent at the time of the accident, and the jury might not improperly so find. It was the duty of decedent to "watch his work" and to look over "to see what his tool is doing." He sometimes brushed off the machine the iron chips thrown off by the cutting, and while the machine was operating.

[3-5] The rule is too well settled, to require more than the merest reference to authority, that on a request for directed verdict that view of the proofs most favorable to the party against whom the direction is asked must be taken.[3] We think the evidence sufficient to support a finding that decedent was drawn into the machine through the catching of his glove on the projecting and revolving parts of the driving mechanism, in spite of the suggestion that he must have been engaged in doing something for the satisfaction of his own whim or fancy. He is presumed to have been in the performance of his duty. Worthington v. Elmer, supra, 207 Fed. at page 309, 125 C. C. A. 50, and cases there cited. And negligence on decedent's part would not bar recovery in cases where, as here, the employer had not elected to take the benefit of the Ohio Workmen's Compensation Act (Act June 15, 1911 [102

[1] Code Ohio, § 1027, subds. 3 and 7, as amended by Act June 8, 1911 (102 Ohio Laws, 428).

[2] Patton v. Texas & Pacific R. R. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361; Carnegie Steel Co. v. Byers, 149 Fed. 667, 82 C. C. A. 115, 8 L. R. A. (N. S.) 677; Byers v. Carnegie Steel Co., 159 Fed. 347, 86 C. C. A. 347, 16 L. R. A. (N. S.) 214; Moit v. Illinois Central R. R. Co., 153 Fed. 354, 356, 82 C. C. A. 430; Smith v. Illinois Central R. R. Co., 200 Fed. 553, 555, 119 C. C. A. 33.

[3] Worthington v. Elmer (C. C. A. 6) 207 Fed. 306, 308, 125 C. C. A. 50, and cases there cited.

Ohio Laws, p. 529] § 21—1). The testimony supporting plaintiff's theory of the cause of the accident is no more speculative than that which has been held by this court, in cases cited in the margin,[4] to justify submission to the jury.

[6] (b) It is contended that the evidence does not show defendant negligent. The statute requires owners and operators of shops and factories, by way of suitable provision to prevent injury to persons coming into contact with machinery therein: (3) To "cover, cut off, or countersink keys, bolts, set screws and all parts of wheels, shafting or other revolving machinery projecting unevenly beyond the surface of such revolving machinery"; and (7) to "guard all saws * * * and all other dangerous machinery." This statute imposes an absolute and positive duty to furnish the statutory protection, and failure to do so is negligence per se. Variety Iron & Steel Works Co. v. Poak, 106 N. E. 24, recently decided by the Supreme Court of Ohio; Sterling Paper Co. v. Hamel (C. C. A. 6), 207 Fed. 300, 302, 125 C. C. A. 44, and cases there cited.

[7] Defendant contends, however, that the specific driving mechanism in question was merely temporary in character, and that the statute is not applicable thereto. The testimony showed that in defendant's shop work of all sizes was done on the one lathe; that for work upon large forgings a large face plate, such as was in use at the time of the accident, is necessary; that for small forgings (at the time of the accident the lathe was working on small forgings) a smaller face plate was generally used, in which case the dog which engages the work was attachable directly to the face plate through a slot therein, so making unnecessary the use of separate driver and projecting bolts therethrough; that the large face plate was, however, sometimes used for small work; that for several days preceding the accident the lathe had been employed upon large forgings, requiring a large face plate and a driving device in addition to the dog. Whether it was the identical device in use at the time of the accident does not appear. The work on the small forgings had been begun on the morning of the accident, but with the face plate used for several previous days. Notwithstanding the testimony of another witness, not directed to the practice in defendant's shop, that it was not usual to employ the large face plate on a two or three days' run upon small work (the job in question would probably have lasted that long), and although decedent had sole charge of the equipment and operation of the lathe, it did not conclusively appear that the use by him of the device in question was a mere temporary makeshift on his part. It was open to the jury to find that the mechanism in question was a part of defendant's well-known means for operating the lathe, rather than so unforeseen or so out of the ordinary as to deprive decedent of the benefit of the remedial statute invoked. The mischief which the statute is intended to prevent was in fact present.

[4] Felton v. Newport, 105 Fed. 332, 44 C. C. A. 530; C., N. O. & T. P. R. R. Co. v. Jones, 192 Fed. 769, 770, 113 C. C. A. 55, 47 L. R. A. (N. S.) 483; Pittsburgh, C., C. & St. L. Ry. Co. v. Scherer, 205 Fed. 356, 358, 123 C. C. A. 484; Railway Co. v. Glinn, 219 Fed. 148, 135 C. C. A. 46, this day decided.

Defendant introduced considerable testimony to the effect that it was impracticable to safeguard driving mechanism of this nature, and competent witnesses for defendant testified that they knew of no factories using such safety devices. On the other hand, a competent witness for plaintiff testified that it would be practicable to cover the driver and its attachments, either by putting a hollow casting or stamping over the entire dog and driver, or by a fixed guard bolted to the headstock; that such safety devices were shown in certain trade journals; that, while it would be necessary to take off the guard whenever the method of attachment to the face plate was changed, there would be otherwise no interference with the operation of the machine; and that while such guards would not prevent injury if the operator deliberately put his hand or head into the open space encircled by the guard, they would protect against an accidental falling into such space, and so into contact with the driving mechanism.

[8] We think this testimony clearly raised a question of fact for the jury respecting defendant's negligence in failing to guard the driving mechanism. The fact that the state inspector of workshops and factories is not shown to have required guards upon lathes of the character in question is not conclusive upon that subject. The decisions of this court in Republic I. & S. Co. v. Yanuszka, 166 Fed. 684, 92 C. C. A. 280, and Standard Fire Exting. Co. v. Heltman, 194 Fed. 400, 114 C. C. A. 362, have more or less application.

(c) It is urged that the evidence clearly shows that the danger complained of was unnecessarily created by decedent. The charge upon this subject was as favorable to defendant as it was entitled to. Moreover, the contention invokes the defense of contributory negligence or of assumption of risk, both of which were denied defendant through its failure to come under the Workmen's Compensation Act.

We have examined all the remaining assignments, so far as discussed orally or in briefs, and are satisfied that at least no error prejudicial to defendant appears.

The judgment of the District Court is accordingly affirmed, with costs.