HATTIE MAE JONES STAPLES, Plaintiff in Error,

*v.*

HAMILTON NAT. BANK OF KNOXVILLE, Defendant in Error

(*Knoxville,* September Term, 1956).

Opinion filed December 7, 1956.

Rehearing Denied February 8, 1957.

WARREN R. WEBSTER, of Knoxville, FERDINAND POWELL, JR., Johnson City, for plaintiff.

FOWLER, ROWNTREE & FOWLER, S. F. FOWLER, JR., WILBUR W. PIPFR, Knoxville, for defendant.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This is an action at law in six separate and independent counts. No subsequent count refers to any previous count nor does it incorporate by reference, any of the

allegations in the preceding count or counts and, as will be shown later, all of the counts except the first one sound in contract, while the first count, although the contrary is insisted by the plaintiff in error, sounds in tort for conversion.

The gravamen of the action as stated in all six counts is that Hattie Mae Jones Staples deposited $10 cash and a draft on a Florida bank for $4,607.87 with the defendant bank and that upon demand the said defendant failed and refused to pay her the money. The defendant filed a motion to strike all the counts except one because they were repititious and unnecessarily prolix statements of the cause of action and because the first count was barred by the statute of limitations. The Court granted the motion by striking all of the counts except the third and fourth. The defendant then answered by denying that it had failed or refused to pay plaintiff upon demand, and, because the bank was required to plead specially, the answer stated that all of the money in the account had been withdrawn by four checks in the respective sums of $25, $300, $4,000 and $292.87, which were honored on November 29, 1948; November 30, 1958; November 30, 1948; and December 8, 1948, respectively.

The plaintiff in error, hereinafter called plaintiff, then filed a replication to each of these two counts admitting that she had been paid the money but stating that she had been judicially declared insane in the State of Florida and continued so at the time of these transactions. The defendant filed a single demurrer to these two replications on the grounds that the plaintiff had no right to file them, because she was trying to convert a legal action into a chancery suit and to allow the replication would

be to oust the jurisdiction of the Court; further, because the defendant's special pleas amounted to no more than a plea of the general issue, in which case no replication could be filed; and because the replications departed from and contradicted the declaration. The Court sustained the demurrer, disallowed an attempted amendment to one of the counts of the declaration to show insanity, and overruled the plaintiff's motion to strike the demurrer. The plaintiff then asked that the suit be dismissed and prayed an appeal to the Supreme Court, which was granted.

The first assignment of error is that the Court erred in striking out the first count of the declaration on the ground that it was for conversion and is barred by the three-year statute of limitations. T.C.A. sec. 28-305.

It is insisted in support thereof that the plaintiff had a right to waive the tort and to sue in assumpsit, which of course is true. However, an examination of count one discloses that it is strictly a count in tort for conversion and a claim of special damages consisting of the interest on the sum of money from the 23rd day of November, 1948. This assignment must be overruled.

The second assignment is that the Court erred in striking out the second, fifth and sixth counts, leaving the third and fourth counts, on the ground that those three counts, in view of the third and fourth counts, are repetitious and unnecessarily prolix.

It is insisted (1) that these counts are each independent of the other, and (2) that the pleader is entitled to state in separate counts as many different theories of the same demand as he desires, and that the plaintiff has done just that in this instance.

■ Undoubtedly a party having only one cause of action may state it in different ways by using more than one count. T.C.A. sec. 20-801; Caruthers (Gilreath) History of a Lawsuit, sec. 111. Nevertheless, the pleader in availing himself of this privilege must not be guilty of duplicitousness, unnecessary prolixity, irrelevancy or frivolity. Williams' Tennessee Code, the same sections now appearing in T.C.A. as sections 20–704, 20–705, 20–712, provides as follows:

"8726. All pleadings shall state only material facts, without argument or inference, as briefly as is consistent with presenting the matter in issue and in intelligible form.

"8727. If any pleading is bad for duplicity, unnecessarily prolix, irrelevant, or frivolous, it may be stricken out at the cost of the party so pleading, on motion of the adverse party, or by the court of its own motion.

"8728. It is the duty of the court to see that the rules of pleading are substantially adhered to, and for this purpose it is empowered to impose terms on delinquents."

■ Now what the plaintiff has done in this case is to make each count wholly independent of the other and to repeat all the details of the transaction without incorporating by reference in subsequent counts, these same details that appeared in prior counts. This made it unnecessarily prolix and repetitious and that is why the Court justifiably struck those counts.

In *Chesapeake & N. Ry.* v. *Crews,* 118 Tenn. 52, 99 S.W. 368, in referring to the above quoted Code sections as they appear in Shannon's Code, it was held that while a plaintiff may present his case in as many counts as he

desires, duplicity should be avoided by simply referring in subsequent counts to, and adopting without repeating in terms, such parts of the previous counts as the pleader desires to carry forward in the subsequent counts, and inserting in the subsequent counts all of the new matter which distinguishes them from the preceding counts. See also—*Adcock* v. *M. & O. Railroad*, 3 Tenn. Civ. App. 128; *Cherry* v. *Smith*, 57 Tenn. 389.

It, therefore, was proper, in the interest of brevity and for a clearer understanding of the issue to be tried, for the Judge to take the action he did. This assignment is overruled.

The third assignment of error is that the Trial Court erred in overruling the plaintiff's motion to strike the demurrer of the defendant to the two special replications setting up the alleged insanity of the plaintiff, which were filed to the special pleas of the defendant to counts three and four. It is insisted, first, that the demurrer is bad for duplicity because the defendant did not file a separate demurrer to each of the two special replications.

There is no merit in this insistence. Of course general demurrers have been abolished and all demurrers in our practice must be special, but there is no requirement that a *separate* demurrer be filed to each count of a declaration or to each or any part of a declaration or pleading but simply that a demurrer when filed, must indicate whether or not it goes to the entire pleading or to a part of it; it might be a demurrer to the entire declaration, or to one or more counts of same, or to one or more parts of one or more counts; and likewise as to any other pleading to which a demurrer would lie. The fundamental rule

is that a demurrer must not be too broad; it must point out the particular matter objected to.

■ Again it is insisted that the demurrer was irrelevant because it was directed at the alleged defect of a departure in the replications from the cause of action stated in the declaration, which, it is said, was merely a matter of form. This will be discussed under the next assignment.

Assignment No. 4 is that the Court erred in sustaining the demurrer of the defendant to the special replications to the two special pleas filed to counts three and four, respectively, and in quashing said special replications, the Court having so acted, first, because the plaintiff had no right to file special replications to these special pleas, and second, because the special replications depart from the cause of action and contradict the declaration.

It is insisted by plaintiff that these special pleas of the defendant brought forward new matter consisting of a set-off and that, therefore, the plaintiff was entitled as a matter of right to file these special replications.

We find no merit in the insistence that the defendant's special pleas brought up any new matter. The original declaration stated that the plaintiff had deposited certain monies with the bank and that the bank had failed to pay her these monies on demand. To this declaration the defendant would have answered by pleading the general issue except for the fact that the defendant was ordered to plead specially. The defendant did so by admitting that the money had been deposited but denied one of the essential averments of the plaintiff's declaration, that is that the defendant refused to pay the plaintiff her money. The special pleas of the defendant stated that the plain-

tiff had withdrawn all of her money from the bank by the four checks above mentioned signed by her. We do not think this was a plea of set-off or a matter of confession and avoidance. That being true the object of all pleading was attained by the filing of these special pleas, to wit:—an issue was formed. It is axiomatic that no further pleading is required or permitted when an issue has been arrived at.

The issue established by the pleadings at that point was simply one of payment. Therefore, when the plaintiff undertook to file the special replications in which it was admitted that the checks drawn by Mrs. Stables, as heretofore described, had been paid by the bank but alleged that she was *non compos mentis* during the entire period of the transactions of the deposit and the withdrawals, she was undertaking to set up an equitable action and to oust the jurisdiction of the Court of Law. Stated another way, the declaration proceeded on the theory of a contract on all except the first count which was on the theory of conversion, whereas the replications necessarily proceeded on the theory that there was no contract because she was *non compos mentis* both at the time of the deposit and of the withdrawals. That was the equivalent of seeking relief by way of rescission or cancellation which is strictly an equitable action and cognizable in Tennessee only in a Court of Equity, except where the defendant makes no objection to the jurisdiction of the Law Court. This is necessarily a departure from the cause of action stated in the declaration.

Probably the most accurate, succinct and inclusive definition of a departure is found in 71 C.J.S., Pleading, sec. 200, p. 396, in the bold type, as follows:

"A reply or replication may not depart from the plaintiff's original pleading by alleging matters inconsistent therewith, setting up a new cause of action, or adding or substituting new grounds of relief; but there is no departure where everything alleged in the reply could have been given in evidence under the complaint, or where the averments of the reply merely amplify or fortify those of the plaintiff's original pleading, or where the reply pleads new matter to meet the allegations of the plea or answer and such new matter does not contradict the plaintiff's prior pleading and is not adopted as a new basis for relief."

Not only is this in accordance with the general rule in Tennessee that a pleader is not allowed to take inconsistent and contradictory positions or change his position in the course of the litigation, but also because the defendant in this sort of a situation would be deprived of all the equitable defenses that would be available to him in a Court of Equity. We are particularly impressed with one statement in the defendant's brief which is that "if it is true that the plaintiff had been judicially declared insane nine months before the money was deposited in the bank, then the check on the Florida bank, which made up the bulk of the account, may have been void by reason of the fact that her dealings with that bank were void. In other words, if the replications are allowed, the defendant should be permitted to deny that any money belonging to her was deposited in the bank. The money deposited may really belong to the Florida bank or her guardian or someone else. But, the defendant cannot plead this now because it has admitted in the special pleas that she did deposit her money in the bank and it would be a departure to state the facts inconsistent with the

position taken in the special pleas. The plaintiff knew or should have known at the time the declaration was filed that she had been insane and that the declaration failed to clearly set forth her true cause of action. The plaintiff should not be allowed by this tricky way of pleading to deprive the defendant of its real defenses to this suit.''

It is evident, therefore, that the demurrer on the ground of departure was not a matter of form, as insisted by the plaintiff.

Let the judgment below be affirmed.